## JUMONVILLE v. HEBERT et al.
### No. 1641.

Court of Appeal of Louisiana. First Circuit.

Nov. 7, 1936.

498

Carville & Carville, of Plaquemine, for appellant.

W. P. Obier, of Plaquemine, for appellee.

OTT, Judge.

Plaintiff filed this suit against the Mayor, the Marshal and the five members of the Board of Selectmen of the Town of Plaquemine, alleging in his petition that dice and crap games, slot machines, and other forms of gambling games and devices were being operated openly in said town, and in violation of the laws of the State and the ordinances of the town; that said officers had full knowledge of the open and public violation of said gambling laws by various and numerous persons and places in said town. Plaintiff names certain places in his petition where he alleges such gambling games and devices were openly operated, and he ·avers that he had· re-quested and demanded of said town officers that they close up and stop said gambling and the operation of said gambling games and devices as their duties as officers of said town required them to do. He prayed for an alternative writ of mandamus to issue directed to said town officers commanding them, and each of them, in their official capacity, to enforce the laws of the State and the ordinances of said town against gambling, and to prevent, close up, and stop all forms of gambling in said town prohibited by law, or show cause why they should not do so.

The writ issued and was made returnable on July 30, 1936. Defendants appeared and filed exceptions of no cause or right of action. With full reservation of the exceptions, the Mayor and the Marshal filed separate answers. The Mayor answered that all ordinances of the town are enforceable by the Marshal, who is an elective officer and not appointed by the Mayor and Board of Selectmen. Both the Mayor and the Marshal averred in their answers that when the writ of mandamus was served on them the things requested to be done had already been done.

By consent the exceptions of no cause or right .of action were referred to the merits and testimony was taken in the case. The trial court sustained the exceptions of no cause or right of action and dismissed the suit. From that judgment plaintiff has appealed.

The laws of the State prohibit gambling with dice for money, commonly called "craps." These laws also prohibit the use or playing of "slot" machines for money, representatives of money, or for merchandise. Banking games and banking houses are also prohibited. An ordinance of the town of Plaquemine prohibits gambling games commonly called "strap," shell, and the game commonly called "craps," card tricks, and wheels of fortune. Act No. 231 of 1928 makes it the mandatory duty of all officers of the State of Louisiana to confiscate and immediately destroy all gambling devices known as "slot machines" that they may find in operation. By ordinance, it is made the duty of the Marshal of the Town of Plaquemine to see that all ordinances against gambling are strictly enforced within the corporate limits, and to that end to make complaint and cause to be arrested any person violating said laws.

As a premise, it is well to refer to a few articles of the Code of Practice relative

to mandamus. Article 830 says that the object of the writ of mandamus is to prevent a denial of justice, or the consequence of defective police, and it should therefore be issued in all cases where the law has assigned no relief by the ordinary means, and where justice and reason require that some mode should exist of redressing a wrong, or an abuse of any nature whatever. Article 834 provides: "It [the writ of mandamus] may be directed to public officers to compel them to fulfil any of the duties attached to their office, or which may be legally required of them." Article 831 gives the judge the right, in his discretion, to issue the writ of mandamus, even when a party has other means of relief, if the slowness of ordinary legal forms is likely to produce such a delay that the public good and the administration of justice will suffer from it.

■ The question presented by the exceptions in this case is whether or not, under these and other provisions of law relative to mandamus, the court has the right by means of this writ to compel an officer to enforce the law against certain prohibited acts where the persons and places alleged to be violating those laws are pointed out to the officer and named in the petition, and where it is the mandatory duty of such officer to see that the laws are enforced. Ordinarily, the writ of mandamus will issue to compel a public officer to perform a plain, mandatory, and ministerial duty, involving the exercise of no discretion or independent judgment on his part. But, for various reasons, some of which we will mention, the writ cannot be used to compel an officer to enforce certain criminal laws against specified persons accused by a private citizen with the violation of those laws, even though it is the duty of such officer to enforce such laws.

In the first place, it would be impractical and inconvenient for the court to enforce and make effective the writ of mandamus in such a case. Even though the general duty of the officer to enforce the law might be ever so clear, yet the methods and means to be employed in bringing about that enforcement must necessarily be left largely to the sound judgment and discretion of the officer, who must, in initiating a prosecution, determine what acts constitute a violation, the nature and kind of evidence available, and the manner and method of presenting the case when the accused has been brought into court. For the court to direct the officer by mandamus in the methods and means to be employed by him in the enforcement of any particular law against any particular person obviously would be impractical, if not impossible.

Moreover, for the court by mandamus to compel the officers to do what is alleged to be their duty in this case, i. e., stop and suppress gambling in the places named and in the town in general, it would be necessary for the court to supervise the performance on the part of these officers of a general and continuing duty, which, in effect, would make the court the supervising agency over these executive officers placed in their position by the people in a political capacity.

■ However laudable and sincere may be the object and purpose of plaintiff in his endeavor to have the laws against gambling enforced in his town, yet his interest and concern in this respect is one that is common to all the citizens of the town. He does not show that he has any special, particular, or peculiar interest in having these laws enforced that is not also common and peculiar to all residents of the town. In the absence of such special, peculiar, or financial interest not common to all the people in the town, plaintiff is without right to proceed by mandamus to enforce the performance of a duty by these officers which is equally due all the citizens of the town in which plaintiff lives. State ex. rel. Schoeffner v. Dowling, 158 La. 706, 104 So. 624.

In the second place, plaintiff has other remedies. As a citizen, possessing information of the violation of the laws against gambling in his town, he has the right to prefer charges against those who are violating these laws. If these infractions of which he complains are violations of the State laws, he has the privilege of appearing before the grand jury of his parish and there presenting evidence on which to base an indictment by that body.

It is now well settled by the decided weight of authority that the courts will not interfere to compel a peace officer to enforce certain laws. While the duty of enforcing all the criminal laws by these peace officers is one imposed by law, yet the failure or refusal of such officers to discharge that duty in particular instances is more of a political question than a legal one.

These questions which partake of a political nature are left for settlement to the

people through the medium of the ballot when the officials are elected, in recall elections or in proceedings for the removal of such officials for the causes specified by law.

For the reasons assigned, the judgment of the district court dismissing plaintiff's suit on the exceptions of no cause or right of action is' hereby affirmed, at the cost of said plaintiff and appellant.