YARRUT, Judge.
Plaintiffs seek a writ of mandamus directed to the Louisiana Wild Life and Fisheries Commission and Leslie L. Glasgow, its Director, to compel Defendants to return 333 alligator skins belonging to Plaintiffs. The skins were taken as evidence in connection with a Bill of Information, filed July 5, 1966, by the District Attorney for the Parish of Orleans, charging Plaintiffs *20 with violations of LSA-R.S. 56:256, 56:260, 56:262, 56:263(10), which deal with the illegal possession and treatment of alligator skins.
On December 7, 1966 the District Attorney nol-prossed all charges against both Plaintiffs. On November 30, 1967, Plaintiffs filed this petition for the writ of mandamus.
Defendants answered that they had a right to retain possession of the skins because Plaintiffs had violated LSA-R.S. 56:260(B), which provides as follows:
“Every person, firm or corporation, having raw 'green’ undressed alligator hides in his or its possession after the close of each open season, shall file with the commission within fifteen days after the close of each open season, and at sixty day intervals thereafter, a complete report, under oath, on forms procured from the Louisiana Wild Life and Fisheries Commission, wherein it is set forth in detail the number of raw ‘green’ undressed alligator hides, with a detailed description thereof then owned or held in possession as owner or agent by the person, firm or corporation filing the report. Said report will contain the names and addresses of the persons, firms or corporations from whom said hides were purchased, the place where and the date upon which said hides were purchased. Failure to file said sworn statement in accordance with the provisions of this section as amended shall be mandatorily fined not less than $200.00, nor more than $350.00, or imprisoned in jail for not more than 30 days, or both, for the first offense; not less than $300.00 nor more than $500.00, or imprisoned in jail for not more than 60 days, or both for the second offense. For the third offense, the fine shall not be less than $500.00 nor more than $750.00, and imprisonment of not less than 60 days nor more than 90 days in jail, and in addition the license under which said violation occurred shall be revoked and shall not be reinstated at any time during the period for which it has been issued and for one year thereafter. The jail sentences herein provided shall be mandatory except for the first and second offenses, which shall be at the discretion of the court, and no sentence or fine shall be suspended for any cause or reason whatever nor shall any diminution of any sentence be granted or allowed for good behavior or otherwise. Further, all raw ‘green’ undressed alligator hides not properly included or set forth in said report shall be confiscated and sold by the Division of Administration in accordance with law. It is further provided that the Louisiana Wild Life and Fisheries Commission, its agents or employees, shall be relieved of any and all responsibility or liability whatsoever to any person, firm or corporation on account of said confiscation. As amended Acts 1962, No. 210, § 1.”
The Trial Judge issued the writ of mandamus and ordered return of the skins. From this judgment Defendants have taken this appeal.
It is to be noted that, at the time the petition was filed and the judgment rendered, prescription had not run on the offenses of which Plaintiffs were charged. See LSA-C.Cr.P. Art. 572(3), which provides a two-year prescription for a misdemeanor punishable by fine or imprisonment or both. Further, the nolle prosequi filed by the District Attorney did not have the effect of barring further prosecution. LSA-C.Cr.P. Arts. 693 and 934(6). State v. Ruffin, 117 La. 357, 41 So. 647; State v. Brackin, 113 La. 879, 37 So. 863.
Therefore, there was a possibility that new charges could be accepted by the District Attorney. It was a matter of discretion for the Director of the Wild Life and Fisheries Commission to decide whether or not to retain the evidence in his possession. A mandamus lies only to compel performance of duties purely ministerial and so clear and specific that no element of discretion can be exercised in *21 their performance. State ex rel. Le Blanc v. Democratic State Central Committee, 229 La. 556, 566, 86 So.2d 192, and the cases therein cited.
At the time of the filing of the petition and the time the judgment was rendered, neither mandamus nor any other proceeding could he successfully prosecuted for the return of the skins, in view of the authority of the Wild Life and Fisheries Commission to retain such skins for confiscation under the statute above recited.
For the above reasons, the judgment appealed from is annulled and Plaintiffs’ suit dismissed without prejudice, as in case of non-suit; Plaintiffs to pay all costs in both courts.
Judgment annulled as in case of non-suit.