PONDER, Judge.
Plaintiff appealed from the dismissal of his suit against the East Baton Rouge City and Parish Councils (Council), the council members individually, and the East Baton Rouge Parish Housing Authority (Authority) to require approval of a bid proposal for a housing project.
The issues are the necessity of Council approval on housing project locations, the duty of the Authority to send plaintiff’s proposals to the United States Department of Housing and Urban Development (HUD), the scope of judicial review of the Council’s decision and the failure of the Council and council members to file an answer in this proceeding.
We affirm.
In response to the Authority’s advertisement, plaintiff submitted two bid proposals for the construction of low rent housing, denominated the Winbourne proposal and the Silverleaf proposal. A third proposal, the Monte Sano proposal, was submitted by another bidder. The Authority selected the latter and the Council approved the site.
HUD rejected the Monte Sano site and advised the Authority to consider the other two sites. After the Authority eventually approved both, the Council refused to approve either and again recommended the Monte Sano proposal. The Authority sent the Monte Sano proposal to HUD. At the time of trial, no reply had been received.
Plaintiff asked for injunctive and declaratory relief and a writ of mandamus and alleges irreparable injury, arbitrary and capricious rejection of its proposals and discrimination based on its minority ownership. The defendants filed exceptions of improper use of summary proceedings, no cause or right of action, and improper service of citation, all of which were referred to the merits. The Authority was the only defendant who filed an answer.
At the hearing on the preliminary injunction, plaintiff was allowed to try the case on the merits. At the close of the hearing the trial judge rendered a directed verdict dismissing plaintiff’s suit. In oral reasons, he held that there had been no showing of irreparable harm and since the Authority and Council had already approved the Monte Sano site, there was nothing to enjoin. La.R.S. 40:451(C)(12) required approval of site locations by the Council before any contract or letter of intent could *599 be issued and there was no abuse of authority or duty.[1]
Plaintiff first argues that the Authority should have sent its two proposals to HUD after it approved them, rather than referring them to the Council for approval. Although approvals or disapprovals by the Authority are subject to final acceptance by HUD, the site of the proposal must be approved by the Council before contracting or issuing a letter of intent to contract to purchase from a developer. La.R.S. 40:451(C)(3 and 12).[2]
HUD had examined plaintiff’s proposals when the three proposals were initially sent to it. We see no reason why the Authority had to send the same proposals to HUD a second time after the Council had failed to approve those sites.
Plaintiff’s argument that a contractual relationship existed between the Authority and the plaintiff upon approval of plaintiff’s proposals has no merit. The law specifically requires acceptance by HUD and approval of site by the Council as a prerequisite to any contract.
Plaintiff argues that by not filing answers, the Council and council members agreed with all of the allegations of plaintiff’s petition. Defendants were ordered to respond to a “show cause” order for the issuance of a preliminary injunction. In such a summary proceeding, no answer is required. La.C.C.P. Art. 2593.
When an exception is filed and referred to the merits, an answer must be filed within ten days after the referral. La.C.C.P. Art. 1001.[3] The numerous exceptions filed by the defendants were referred to the merits when the rule on the preliminary injunction began. The trial judge rendered a final judgment at the rule with no objection from the plaintiff. We find no merit in plaintiff’s argument.
Plaintiff also argues that the Council by requiring the Authority’s minutes to be submitted to it is attempting to circumvent Article VI, Section 16 of the 1974 Louisiana Constitution which provides for consolidation of local government subdivisions. Although the point was not clear from the testimony, it seems the Council reviews the minutes of the Authority as a method of approving the site of proposals for housing projects pursuant to the legislative mandate of La.R.S. 40:451(C)(12). We find no merit in plaintiff’s argument.
Plaintiff questions the standard of judicial review of decisions made by the defendant Council and the failure of the trial judge to allow the plaintiff to question fully the defendant council members on their reasons for not approving plaintiff’s sites.
*600 The judiciary will not interfere with the acts of a public body when there has been no showing of invasion of private rights, manifest oppression, fraud or gross abuse of power. Lafourche Parish Water Dist. v. Carl Heck Engrs., Inc., 346 So.2d 769 (1st Cir.) writ denied 349 So.2d 873 (La.1977). The court will not substitute its judgment for the good faith decision of a public administrative agency absent a showing of unfair, illegal or arbitrary conduct. Budd Const. Co., Inc. v. City of Alexandria, 401 So.2d 1070 (3rd Cir.) writ denied 404 So.2d 1262 (La.1981).
Testimony from the council members indicated that one reason for disapproval of the Winbourne site was that it was located in a floodplain. There was also testimony that the Silverleaf site was improperly zoned, although council members were not certain they knew this at the time the vote was taken. One member testified that he voted for the Monte Sano site because it was located in his former district and the people there were in favor of it.
Evidence received on proffer adds nothing to plaintiff’s case; it merely gives more reasons why plaintiff’s proposal was voted down.
Several members specifically testified that the minority ownership of the plaintiff corporation in no way entered into their decision. Many were not even aware of the minority ownership.
Mandamus will lie to compel performance only when there is no element of discretion and the act is purely ministerial. Clarco Pipeline v. Parish of East Baton Rouge, 383 So.2d 1296 (1st Cir.) writ denied 386 So.2d 355 (La.1980). The act of the Council in approving sites for housing is a discretionary function. Although approvals or disapprovals of the Authority are subject to final acceptance by HUD, there is no mandatory duty upon the Authority to return all three proposals to HUD for the second time when they can only get Council approval on one. We find no error.
We affirm the dismissal of plaintiff’s suit by the trial court. Costs are to be paid by the plaintiff.
AFFIRMED.

. In State ex rel. Guste v. City of New Orleans, 363 So.2d 678 (La.1978), the Supreme Court upheld a judgment on the merits under similar circumstances.

. La.R.S. 40:451(C)(3 and 12):
“3. The authority shall review and evaluate all proposals, on an impartial basis, and may approve or disapprove any one or more of the proposals. The authority shall retain as part of its records all proposals received in response to each invitation. The authority shall prepare a statement setting forth the factors which contributed to the selection of the developer(s) and this statement shall be held available for public inspection. All approvals or disapprovals are subject to final acceptance by the appropriate federal agency.”
“12. No letter of intent to contract to purchase from a developer and no contract to purchase from a developer shall be executed by the authority until the local governing body shall have approved the location of the proposed development. ‘Local governing body’ as used in this section shall mean the governing authority of an incorporated municipality if the proposed development is located within the limits of such a municipality, otherwise ‘local governing body’ shall mean the governing authority of the parish wherein the proposed development is located.”

. La.C.C.P. Art. 1001:
“A defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law.
When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within ten days after the exception is overruled or referred to the merits, or ten days after service of the amended petition.
The court may grant additional time for answering.”