444 So.2d 188 (1983)
Rev. John SCHAEFER, et al.
v.
Honorable David C. TREEN, et al.
No. 83 CA 0259.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Writ Denied March 9, 1984.
Woodrow W. Wyatt, Baton Rouge, and George Scariano, Metairie, for plaintiffs-appellants Rev. John Schaefer, Helene Waterman, Paul A. Emmer, Dolcie S. Ehlinger, and Ladd P. Ehlinger.
James Hrdlicka, Baton Rouge, for defendants-appellees David C. Treen, Governor of State of La., E.L. Henry, Com'r of Admin. for State of La.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a judgment of the trial court which granted defendants' peremptory exception of no right of action and dismissed plaintiffs' lawsuit. Plaintiffs appeal.
Plaintiffs filed suit seeking a declaratory judgment and injunctive relief from the actions of the defendants in allegedly refusing to uphold and enforce the laws of *189 the State of Louisiana. Specifically, plaintiffs allege that defendants refuse to implement all of the individual projects evidenced in the capital outlay bills passed by the legislature and signed by the Governor.
Plaintiffs instituted this action as taxpayers and citizens of this state. Defendants filed numerous exceptions to the plaintiffs' suit including the peremptory exception of no right of action. By amended petition plaintiffs Paul A. Emmer and Ladd P. Ehlinger assert that they have a special interest in this lawsuit as taxpayer architects. Emmer and Ehlinger also asserted a class action on behalf of all certified architects in this state.
After hearing arguments on the exceptions the trial court granted the defendants' exception of no right of action and dismissed the lawsuit. From this judgment, plaintiffs sought supervisory writs which were denied by this court. Plaintiffs now appeal claiming the judgment of the trial court granting defendants' exception of no right of action was error.

TAXPAYER'S SUIT
In plaintiffs' first assignment of error it is argued that the trial court erred in holding that the plaintiff-taxpayers had no right of action (i.e. standing) to assert the causes of action pled in the petition as amended. Plaintiffs contend they have standing because the taxpayers of the state will be adversely affected in the following ways:
(1) The projects will cost much more to plan and complete at a later date;
(2) The Defendants have caused and will continue to cause great expenditure of State funds in the salaries of public officials and consultants in furtherance of their activities in suspending these appropriations; and,
(3) As to some projects, vast amounts of public monies were expended prior to their suspension, which monies have been wasted unless the projects are resumed and completed.
(4) The Defendants have caused vast amounts of both cash and credit of the State to be encumbered, thereby depriving the taxpayers and citizens of this State not only of the benefits of the encumbered projects, but also of other needed and requested projects which cannot be enacted by the Legislature due to the finite resources of the public fisc.
(5) The Defendants have depleted the public fisc of the interest that was not earned on the cash expended on implemented and then suspended projects financed from the General Fund in the cash portion, and on the lines of credit issued during the period prior to the sale of bonds, as well as depriving the taxpayers and citizens of the projects themselves.
(6) The Defendants have placed the State at risk and damaged the credibility of the State in current litigation in the Federal Courts involving corrections facilities and desegregation facilities.
(7) The Defendants are placing the State at risk of losing favorable tax treatment under the Internal Revenue Code of the United States, thereby causing the loss of taxes and the ability to raise revenues in future through bond sales.
A plaintiff must have a real and actual interest in the action asserted, La.C. C.P. art. 681. In order to have standing, a plaintiff must show an interest in the litigation peculiar to him personally and separate and distinct from that of the general public. League of Women Voters of New Orleans v. City of New Orleans, 381 So.2d 441 (La.1980). As stated by the court in League, 381 So.2d at 446, "A public right or duty may not be compelled or enforced by a private citizen without a showing of a personal grievance or interest in the outcome."
The plaintiffs' contentions as stated above do not assert any specific adverse effect to them separate and distinct from that of the general public.
*190 Plaintiffs argue that Bussie v. Long, 286 So.2d 689 (La.App. 1st Cir.1973), writ refused, 288 So.2d 354 (La.1974), provides them with an exception to the taxpayerstanding rule enunciated in League. The Supreme Court in League stated the Bussie holding as follows:
when a public official charged with the unlawful performance or the refusal to perform a legal duty discriminates against a taxpayer by increasing his tax burden or otherwise injuriously affecting his person or property, the taxpayer need not show such an interest in order to sustain a right of action. League, 381 So.2d at 447.
In Bussie, it was shown that an assessment of all property at actual cash value for ad valorem tax purposes would adversely affect the particular plaintiff-taxpayers. In the instant case, unlike the taxpayers in Bussie, the plaintiffs have failed to make any allegations that would reveal how they as individual taxpayers would suffer an increased tax burden by the actions or inactions of the defendants. In fact the net effect of their suit would require the expenditure of additional tax money. Therefore, plaintiffs' first assignment of error is without merit. We affirm dismissal of the suit of plaintiffs as taxpayers.

INDIVIDUAL ARCHITECT'S SUIT
Plaintiffs, Paul A. Emmer and Ladd P. Ehlinger, by amended petition, allege that they have a sufficient special interest to have standing and that the trial court erred in dismissing their lawsuit. Emmer and Ehlinger are certified architects of this state. They allege that they were deprived of the opportunity to earn professional fees because La.R.S. 38:2310 et seq. requires that architects be appointed and retained for the design of capital outlay projects. We disagree.
Emmer and Ehlinger do not allege that they in particular have been or would be the architects selected for any of the projects. Consequently, they do not allege a real or actual interest in the action asserted. The second assignment of error is without merit. We affirm dismissal of the suit by Emmer and Ehlinger in their individual capacities as architects.

SUIT FOR ARCHITECTS AS A CLASS
Lastly, plaintiffs, Emmer and Ehlinger, argue that the trial court erred in not allowing them to assert a class action on behalf of all architects certified by the State of Louisiana. Plaintiffs argue that La.R.S. 38:2310 et seq. provides a statutory right to the class to be selected to design the capital outlay projects, and therefore the class has standing to maintain this suit. We disagree.
A close look at La.R.S. 38:2310 et seq. reveals that architects as a class do not have any statutory right to be selected to design capital outlay projects. Instead these statutes give the Division of Administration discretion, after evaluating the proposed projects, to decide what professional services are required. If the Division of Administration determines that a proposed project requires the professional services of an architect, the Louisiana Architects Selection Board will be notified and will follow the proper procedures in appointing an architect to the project.
Plaintiffs as a class have failed to allege that the Division of Administration has decided that these proposed projects will require the services of an architect. This is sufficient to maintain the exception of no right of action to the class action. However, this deficiency might be cured by amendment. La.C.C.P. art. 934. Accordingly, we will remand to the trial court for the purpose of the trial judge allowing an amendment to be made within delays to be fixed by the trial court.
We specifically note that we do not decide that this is appropriately a class action even if the petition can be amended to allege an actual interest by the class. The procedural question of availability of the class action in this particular case is not before us. Our action is directed only at a right of action by the class assuming availability of the class action. If and when allegations are made which would give the *191 class a right of action, the availability of the class action in this particular suit would still have to be decided. Livingston Parish Police Jury v. Illinois Central Gulf Railroad Company, 432 So.2d 1027 (La. App. 1st Cir.1983), writ denied, 437 So.2d 1137 (La.1983). For the foregoing reasons we remand the suit of the plaintiffs as a class action to the trial court for further proceedings in accord with this opinion. All costs of this appeal are to be paid by the appellants.
AFFIRMED IN PART, REMANDED IN PART.