458 So.2d 493 (1984)
WINDJAMMER, INC.
v.
Paul HARDY and Darrell Williamson.
No. CA-1761.
Court of Appeal of Louisiana, Fourth Circuit.
September 7, 1984.
Writ Denied November 16, 1984.
Middleberg & Riddle, Earl N. Vaughan, Metairie, for plaintiff-appellant.
Norman L. Sisson, Marshall W. Wroten, Robert J. Jones, Doran & Kivett, William J. Doran, Jr., Dept. of Transp. and Development, Baton Rouge, for defendants-appellees.
*494 Before GULOTTA, LOBRANO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
By this action for mandamus, the plaintiff, Windjammer, Inc., seeks an order that would compel the Louisiana Department of Transportation and Development, through its officers Paul Hardy and Darrell Williamson, to revoke certain leases of immovable property granted by the Department to the Cudels Corporation. Alternatively, plaintiff seeks an order that would compel the Department to prohibit its lessee, Cudels, from excavating the leased premises. The trial court dismissed the case for failure to state a cause of action. Windjammer now brings this appeal.
With respect to the first-asserted ground for mandamus, the plaintiff alleges that as of the filing of suit on December 2, 1982, the Department had leased to the Cudels Corporation three separate tracts of land forming part of the New Basin Canal Property. The first lease was contracted on December 14, 1977, the second on June 1, 1978, and the third on August 1, 1978. The plaintiff further alleges that the Cudels Corporation subsequently transferred its leases to its president and sole shareholder, Russel L. Cuoco.
Windjammer contends that the latter two leases are in violation of state law, and must, for that reason, be cancelled by the Department. The specific provision relied upon by the plaintiff is contained in La.R.S. 41:1216, which provides, in pertinent part:
"In order to allow the individual lessee to lease lands from the state in preference to syndicated landholders or corporations, no lease shall cover a larger area than six hundred forty acres of public land, which area must be contiguous. No lessee may own more than one such lease at one time." (Emphasis added).
Windjammer alleges that, as the operator of a restaurant located adjacent to the leased premises, it has a protectable interest in the Department's adherence to the above-stated law.
The defendants contend that they cannot be the subject of the mandamus because Cuoco's leases do not violate the above statute. The defendants argue that by virtue of Act 733 of 1979 (now La.R.S. 41:131), the leases became exempt from R.S. 41:1216's prohibition against owning more than one lease of state land.
Act 733 provides, in part, that:
"The sale, lease, or other disposition by the Department of Transportation and Development, or any of its offices, of lands acquired by the Department of Transportation and Development, or any of its offices, under the provisions of R.S. 36:856, and the sale and lease of land or any improvements, or both, thereon heretofore made by the Department of Transportation and Development, or any of its offices, are expressly exempted from the provisions of (R.S. 41:1216) in such prior transactions by the Department of Transportation and Development, or any of its offices, in the sale, lease, or other disposition of such lands. All such sales, leases, or other dispositions made by the Department of Transportation and Development, or any of its offices, prior to January 1, 1978, are hereby ratified, validated, and confirmed, and shall be deemed to bind the Department of Transportation and Development, or any of its offices, and the other parties hereto according to the respective terms and conditions of the sales, leases, or other dispositions, except where those transactions were brought about by fraud or involved fraudulent practices." (Emphasis added).
Plaintiff interprets the above provision to mean that only the first of Cuoco's three leases has been ratifiedthat lease having been contracted prior to January 1, 1978 and therefore, the later leases are not within the Act's exemption from R.S. 41:1216.
We disagree. The plaintiff's argument fails to recognize that Act 733 creates two classes of leases. The first class (which includes the second as a subset) consists of all leases contracted by the Department prior to the effective date of the Act (July *495 20, 1979). These leases are expressly exempted from the provisions of R.S. 41:216 and other enumerated statutes. The second class of leasesthose contracted prior to January 1, 1978are not merely exempt from specific kinds of attack (such as those arising under R.S. 41:1216); they are accorded blanket ratification, and are thereby rendered absolutely impervious to attack on any ground whatsoever, "except where those transactions were brought about by fraud or involved fraudulent practices".
Thus, Act 733 requires us to hold that as of the effective date of legislation (July 20, 1979), the Cudels Corporation leases of June 1, 1978 and August 1, 1978being "such prior transactions" ... "heretofore made by the Department of Transportation and Development"became "expressly exempted from the provisions of ... (R.S. 41:1216)." Therefore, at the time Windjammer filed this suit for mandamus (December 2, 1982), there existed no cause of action to invalidate the leases under that statute.
Windjammer alternatively alleges, "upon information and belief", that lessee Cuoco intends to build a two-story restaurant on the leased premises, the construction of which "will require excavations, piling and other disturbances of the earth", and that the site of the proposed restaurant is the burial ground of some 5,000 to 20,000 Irish workers who died between 1830 and 1838.
Windjammer contends that the disturbance of those graves will violate La.R.S. 8:654, which provides:
"Whoever mutilates any human remains without authority of law shall be punished by imprisonment for not more than three years or by a fine of not more than one thousand dollars, or both."
The plaintiff contends that because of the impending violation of the above statute by lessee Cuoco, there arises a clear ministerial duty on the part of the defendant public officers to "prohibit" such excavations and disturbances of the land.
Assuming the truth of the plaintiff's factual allegations, we nevertheless hold that the trial court did not err in dismissing Windjammer's alternative plea for mandamus.
Mandamus is an extraordinary remedy and will never issue except when there is a clear and specific right to be enforced or when there is a purely ministerial duty to be performed. Smith v. Dunn, 263 La. 599, 268 So.2d 670 (1972); Gulf Federal Savings and Loan Assoc. v. Sehrt, 233 So.2d 268 (La.App. 1st Cir.1970); West Carroll National Bank v. West Carroll Parish School Board, 136 So.2d 699 (La. App.2d Cir.1961).
A ministerial duty is one that the law so clearly imposes as to admit no exercise of judgment or discretion; it is specific and unequivocal. R & R Contracting & Development Co., Inc. v. City of Baton Rouge, 413 So.2d 596 (La.App. 1st Cir. 1982); Mares v. Glasgow, 219 So.2d 19 (La.App. 4th Cir.1969); State v. Jeansonne, 144 So.2d 159 (La.App. 1st Cir.1962).
"The proper function of a writ of mandamus is to compel the doing of a specific thing ... It contemplates the necessity of indicating the precise thing to be done, and so it is generally held that it is not an appropriate remedy for the enforcement of duties generally, or to control and regulate a general course of official conduct for a long series of continuous acts to be performed under varying conditions". See, Mandamus, 52 Am.Jur.2d § 85; see also, Jumonville v. Hebert, 170 So. 497 (La.App. 1st Cir.1936).
The order that Windjammer seeks would compel the defendants to "prohibit" excavation. Assuming that by "prohibit", plaintiff means "prevent", it is clear that the means by which the lessee might be prevented from excavating are many, and that choosing among those preventive means will require an exercise of judgment or discretion.
Thus, there is no specific preventive act which we could compel, for none is required by law; nor could we order the defendants generally to prevent excavation *496 unless we were to assume supervision over a series of acts and choices that are within the defendants' discretion.
Accordingly, we hold that Windjammer's petition fails to establish a purely ministerial duty on the part of the defendants.
We hold, in addition, that Windjammer's petition fails to establish a right of action. Mandamus will not issue to compel performance of a duty which a public officer owes to the public at large unless the individual who brings the action clearly establishes a special and peculiar interest in the performance of that duty, apart from the interest which he has as a member of the general public. League of Women Voters v. City of New Orleans, 381 So.2d 441 (La.1980); State ex rel. Schoeffner v. Dowling, 158 La. 706, 104 So. 624 (1925); Jumonville v. Hebert, 170 So. 497 (La.App. 1st Cir.1936).
The plaintiff does not specify the manner in which it will be damaged, nor does Windjammer name any specific rights or interests to be vindicated. In the absence of such allegations, it cannot be said that Windjammer's operation of a business upon property adjacent to the leased premises establishes, of itself, any special or peculiar interest in the defendants' performance of a public duty, separate and distinct from the interest of the public at large.

CONCLUSION
For the reasons assigned, the trial court's dismissal of the plaintiff's suit for mandamus is affirmed.
AFFIRMED.