549 So.2d 891 (1989)
STATE of Louisiana, Plaintiff/Appellee,
v.
MAYOR AND BOARD OF ALDERMEN OF the CITY OF TALLULAH, Defendants/Appellees,
Louis Buckner, Intervenor/Appellant.
No. 20,852-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1989.
Rehearing Denied October 26, 1989.
*892 William J. Guste, Jr., Atty. Gen., James Ross, Asst. Atty. Gen., Baton Rouge, for plaintiff/appellee.
Raymond Lee Cannon, Tallulah, for defendants/appellees.
Calhoun, Murray and McLemore by Jack H. McLemore, Jr., Vidalia, for defendant/appellee Fiscal Adm'r.
C. Calvin Adams, Jr., Tallulah, for intervenor/ appellant.
Before HALL, C.J., and SEXTON and NORRIS, JJ.
HALL, Chief Judge.
Intervenor appeals from a judgment sustaining exceptions of no cause and no right of action and non-joinder of indispensable parties, and dismissing his petition of intervention. For reasons expressed in this opinion, we affirm the judgment sustaining the exceptions of no cause and no right of action and the dismissal of the petition.
In 1986, the State of Louisiana acting through the attorney general filed a petition in district court against the mayor and board of aldermen of the City of Tallulah seeking the appointment of a special city fiscal administrator and an injunction against the mayor and board of aldermen from incurring any debts or paying any debts without the express approval of the fiscal administrator. It was alleged that a state of financial and fiscal emergency existed in that the city could not meet its obligations or provide essential services because of mismanagement and other deficiencies in the operation of city government. A consent judgment was rendered pursuant to an agreement between the state and the city providing for the appointment by the court of a fiscal administrator to administer the fiscal affairs of the city under contract with the city, and granting the injunctive relief, with the court to retain jurisdiction of all matters arising out of the judgment and the related agreement between the city and the fiscal administrator. *893 Myles Hopkins was appointed fiscal administrator under contract with the city.
In July, 1988, intervenor, Louis Buckner, a citizen, resident, voter, property owner and taxpayer of the city, filed a petition of intervention alleging that the fiscal administrator and the mayor and board of aldermen have failed to comply fully with the consent judgment and contract with the fiscal administrator. Generally, intervenor sought relief in three areas. Alleging inadequate accounting procedures, intervenor prayed that city officials be ordered to produce records necessary to prepare financial statements for 1985 and 1986, prepare and publish a comprehensive annual financial report for 1985 and 1986 as required by generally accepted accounting principles, engage an independent CPA to verify the CAFR for 1985 and 1986, prepare an audit for 1987 and file a report thereof with the legislative auditor as required by LSA-R.S. 24:517, and direct city officials to comply with the statute in the future. Alleging that illegal and excessive ad valorem taxes had been collected by the city for the years 1980 through 1985, intervenor prayed that the city officials be ordered to initiate plans for a refund of the taxes, to recognize the tax refund liability on the financial statements, and to refrain from levying illegal taxes in the future. Alleging that ad valorem taxes collected during prior years had been misused, intervenor prayed that the court order city officials to file suit under LSA-R.S. 42:1461 against the former city officials to recover the sums misused, to sue the official's bonding companies and insurers, to restore certain accounting entries, and in the future to use dedicated revenues for proper purposes.
In response to the petition of intervention the attorney general, fiscal administrator, and the mayor and board of aldermen filed peremptory exceptions of no right of action, no cause of action, prescription and non-joinder of indispensable parties.
After a hearing and argument, the trial court, pursuant to extensive oral reasons which were transcribed, sustained the exceptions (except the exception of prescription on which the court did not specifically rule) and dismissed intervenor's petition. The trial court found that intervenor had no right of action to compel public officials to perform their duties because intervenor had no special interest beyond that of citizens generally, relying on League of Women Voters v. City of New Orleans, 381 So.2d 441 (La.1980). The court held that intervenor stated no cause of action because the suit was in the nature of a mandamus action against public officials and the actions which intervenor sought to compel are not ministerial in nature, making mandamus unavailable. The court also held that the legislative auditor and the sheriff as ex-officio tax collector were indispensable parties.
The district court refused to grant intervenor leave to amend his petition, holding that the deficiencies in the petition were not curable by amendment. Intervenor appealed.

The Petition
The central thrust of intervenor's allegations is that in the years prior to 1986 the city illegally collected certain ad valorem taxes from the taxpayers of the city. It is alleged that taxes were collected in excess of the amount necessary to service the bonds for which the taxes were approved and that the excess amounts collected were used to pay general operating expenses of the city. It is also alleged that certain taxes were collected after the term for which the taxes were approved expired, without an election renewing the taxes. It is intervenor's position that the city is liable to the taxpayers for a refund of the improperly collected taxes. His principal complaint as to the accounting procedures is that the city officials have not shown the alleged tax refund liability as a liability on financial statements. Intervenor also wants the court to order present city officials to initiate plans for a refund of the taxes and to sue the former city officials for spending the taxes collected for purposes other than those for which the taxes were authorized. Intervenor does not in this action seek judgment ordering a refund of taxes previously paid by him.

*894 Right of Action

Intervenor asserts the trial court erred in sustaining the exception of no right of action filed by the various parties. The right of intervention is governed by LSA-C.C.P. Art. 1091 which provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by: ...
(3) Opposing both plaintiff and defendant.
Thus, an intervenor must have a justiciable right related to or connected with the object of the pending action against the parties. Banks v. Rattler, 426 So.2d 362 (La.App. 2d Cir.1983). Ordinarily, a petition of intervention must be filed prior to judgment. While the trial court's continuing jurisdiction after rendition of the consent judgment prevents the intervention in this case from being untimely, it does not by itself grant a right of intervention to any citizen who may wish to assert a claim against the parties to the underlying action.
The exception of no right of action calls into question whether the intervenor has the standing or interest required under the law to bring the action. In this case the exception raises the question of whether Buckner, as a citizen and taxpayer, has standing to call officials into court to obtain an order requiring them to carry out certain governmental functions. Buckner requested the court to order city officials and the fiscal administrator to provide different or additional accounting and auditing services, to recognize and refund allegedly illegal collections of ad valorem taxes from prior years, and to institute claims or suits against elected officials for recovery of allegedly misused revenues. Buckner describes himself in his petition as a citizen, resident, domiciliary, voter, and property owner of the City of Tallulah. He asserts this status gives him the interest required to intervene in the pending action.
In League of Women Voters v. City of New Orleans, supra, the Louisiana Supreme Court held that a public right or duty may not be compelled or enforced by a private citizen without a showing of a personal grievance or interest in the outcome. A plaintiff must have a real and actual interest in the action he asserts. Without a showing of some special interest in the performance sought of a public board officer or commission which is separate and distinct from the interest of the public at large plaintiff will not be permitted to proceed. There is an exception to the requirement of a particular or a special interest when a public official charged with the unlawful performance or the refusal to perform a legal duty discriminates against a taxpayer by increasing his tax burden or otherwise injuriously affecting his personal property, in which case the taxpayer need not show such an interest in order to sustain a right of action. See Bussie v. Long, 286 So.2d 689 (La.App. 1st Cir.1973), writ ref. 288 So.2d 354 (La.1974). There is a distinction between taxpayer suits to restrain unlawful action by public officials, where a special interest may not be required, and a suit to compel performance of a public duty, where a special interest is required. Davis v. Franklin Parish School Board, 412 So.2d 1131 (La.App. 2d Cir.1982), writ denied 415 So.2d 942 (La. 1982). See also Windjammer Inc. v. Hardy, 458 So.2d 493 (La.App. 4th Cir.1984), writ denied 460 So.2d 606 (La.1984); Schaefer v. Treen, 444 So.2d 188 (La.App. 1st Cir.1983), writ denied 446 So.2d 315 (La. 1984); State v. Danzy, 527 So.2d 68 (La. App. 3d Cir.1988), writ denied 528 So.2d 153 (La.1988); Casenote, 46 La.L.Rev. 169.
In the instant case, intervenor has not shown any such particular or special interest in the acts which he seeks to compel the city officials to perform. Here intervenor does not seek to restrain an increase in the burden of taxation. On the contrary he indirectly seeks to compel a refund of taxes collected in prior years by the city which would necessarily increase the burden on current taxpayers, including intervenor.
As a taxpayer in prior years, intervenor would have a special interest in obtaining a *895 refund of taxes he previously paid but he does not seek in this suit to obtain a judgment for the taxes he alleges were improperly collected. Any action he has to obtain a refund of taxes previously paid would have to be asserted by him in a direct action against the taxing authority or tax collector for a refund of the taxes. Since intervenor did not pay the taxes under protest, or timely file a suit for refund or to contest a tax election, as provided by statute, (see LSA-R.S. 47:2110, 47:1951 et seq., 18:1294), it is questionable that he or other taxpayers similarly situated have a right or cause of action for a refund of the taxes, but it is not appropriate or necessary to definitively decide that issue in this case.
Intervenor has no particular or special interest beyond that of the public at large in having city officials list certain liabilities in its financial statements or "make plans" to pay such liabilities. His interest as a taxpayer to recover taxes paid in prior years is not directly involved in and is only remotely related to this case concerning fiscal management of the city and compliance with the consent judgment, and does not give him standing to intervene. He may not in this proceeding seek to do indirectly what he may or may not be able to do in a direct proceeding for recovery of taxes previously paid.
The intervenor asserts no special or peculiar interest or facts which would distinguish the interest he asserts from that of the general public in obtaining proper or adequate financial accounting and reporting. Additionally, the interest of the public is protected through the actions of the attorney general in instituting the underlying action and the provisions of law authorizing approval or rejection of financial reports by the legislative auditor.
Likewise intervenor has no right of action to compel the city officials to bring suit to recover sums which may be owed to the city by former city officials. Presumably such a suit, if successful, would improve the public fisc and inure to the benefit of taxpayers and citizens generally, but intervenor has no special interest beyond that of any other member of the public. Intervenor's interest in any general benefits from increased revenues is remote. Further, the liability of former officials personally under LSA-R.S. 42:1461 is questionable because that statute seems to apply to funds misappropriated to the officials' own use and not to funds misapplied to an unauthorized municipal use as alleged in this case. A wrongful or unsuccessful suit brought under that statute would be to the detriment of the city and its citizens and taxpayers. The merits of such a claim by the city need not and should not be decided in this case wherein the former officials are not parties. The point at issue here is that intervenor has no standing or right of action to compel city officials to bring suit on an unliquidated and uncertain claim which may or may not be to the best interest of the city and its taxpayers and citizens generally.
The district court correctly sustained the exception of no right of action.

Cause of Action
Intervenor asserts the trial court erred in sustaining the exceptions of no cause of action filed by the various parties. The peremptory exception of no cause of action asks the question of whether the law affords a remedy to intervenor assuming all of the allegations of his petition are true. For purposes of its determination all well-pleaded facts are accepted as true and all doubts are resolved in favor of sufficiency of the petition. Johnson v. Edmonston, 383 So.2d 1277 (La.App. 1st Cir.1980). Every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975). No evidence may be admitted to support or controvert the exception. The petition must set forth the material facts upon which the cause of action is based (LSA-C.C.P. Art. 891) and the allegations must be ultimate facts. Conclusions of law or fact and evidentiary facts will not be considered. Wheelahan v. State of Louisiana through the Louisiana State Claims Review Board, 376 So.2d 576 (La.App. 4th Cir.1979); Farrell v. Farrell, *896 275 So.2d 489 (La.App. 1st Cir.1973). The character of plaintiff's action is fixed by the prayer of his petition. Rudd v. Land Co., 188 La. 490, 177 So. 583 (1937). State ex rel, Brown v. United Gas Public Service Co., 197 La. 616, 2 So.2d 41, 44 (1941). To state a cause of action the plaintiff must allege sufficient grounds for obtaining the remedies sought. Brooks v. Smith, 35 So.2d 613 (La.App. 2d Cir.1948), Alexander v. Town of Jeanerette, 371 So.2d 1245, 1248 (La.App. 3d Cir.1979).
The district court also correctly sustained the exception of no cause of action which, in this case, is closely aligned with the exception of no right of action. This action is in the nature of a mandamus action to compel a public body or public officials to perform certain duties. The duties which intervenor seeks to compel the public officials to perform are not purely ministerial but require the exercise of discretion and judgment. The extraordinary remedy of mandamus is not available to compel such actions by public officials.
The applicable law was set forth in Windjammer, Inc. v. Hardy, supra, as follows:
"Mandamus is an extraordinary remedy and will never issue except when there is a clear and specific right to be enforced or when there is a purely ministerial duty to be performed. Smith v. Dunn, 263 La. 599, 268 So.2d 670 (1972); Gulf Federal Savings and Loan Assoc. v. Sehrt, 233 So.2d 268 (La.App. 1st Cir.1970); West Carroll National Bank v. West Carroll Parish School Board, 136 So.2d 699 (La.App. 2d Cir.1961).
A ministerial duty is one that the law so clearly imposes as to admit no exercise of judgment or discretion; it is specific and unequivocal. R & R Contracting & Development Co., Inc. v. City of Baton Rouge, 413 So.2d 596 (La.App. 1st Cir. 1982); Mares v. Glasgow, 219 So.2d 19 (La.App. 4th Cir.1969); State v. Jeansonne, 144 So.2d 159 (La.App. 1st Cir.1962).
The proper function of a writ of mandamus is to compel the doing of a specific thing ... It contemplates the necessity of indicating the precise thing to be done, and so it is generally held that it is not an appropriate remedy for the enforcement of duties generally, or to control and regulate a general course of official conduct for a long series of continuous acts to be performed under varying conditions'. See, Mandamus, 52 Am. Jur.2d § 85; see also, Jumonville v. Hebert, 170 So. 497 (La.App. 1st Cir.1936)."
See also Felix v. St. Paul Fire & Marine Insurance Company, 477 So.2d 676 (La. 1985); D'Agostino v. City of Baton Rouge, 504 So.2d 1082 (La.App. 1st Cir.1987); Reynolds v. Hospital Service District No. 1, 525 So.2d 668 (La.App. 1st Cir.1988), writ denied 531 So.2d 480 (La.1988); Citizens Organized for Sensible Taxation (C.O. S.T.) v. St. Landry Parish School Board, 528 So.2d 1048 (La.App. 3d Cir.1988).
In discussing the writ of mandamus requested by plaintiffs in C.O.S.T v. St. Landry Parish School Board, supra, the court held:
"The purpose of a writ of mandamus is to compel the performance of a duty owed to the person requesting the duty. The key word is "owed"; it cannot simply be an interest that is owed to the general public as a whole, the plaintiff must establish he possesses a special interest in having the law enforced. Bussie v. Long, 286 So.2d 689 (La.App. 1st Cir.1973), writ denied 288 So.2d 354 (La. 1974)." (id. at 1052)
In the instant case, although certain financial reports and audits are required in certain forms by statute, LSA-R.S. 24:517 B, the precise and detailed manner in which such reports are prepared requires the exercise of discretion and judgment. Determining what liabilities the city owes and what liabilities are owed to the city and how these liabilities, if any, are to be handled requires discretion and judgment, and ultimately can only be determined in direct actions between parties to the disputed liability. Mandamus to compel the city officials to take the action intervenor seeks is not an appropriate remedy.

*897 Non-joinder of Indispensable Parties

Because of our holding that intervenor's petition was correctly dismissed on the exceptions of no right and cause of action, it is unnecessary to consider the exception of non-joinder of indispensable parties.

Conclusion and Decree
That intervenor has called the court's attention to alleged non-compliance with the consent judgment is commendable and in accord with the provisions of the judgment requiring reports of non-compliance. The court retains jurisdiction to deal with such matters in its discretion. But the petition of intervention by a non-party to the consent judgment does not set forth a right or cause of action against the public officials so as to entitle intervenor to have his petition heard and tried on the merits.
For the reasons assigned, the judgment of the district court is affirmed, at appellant's costs.
Affirmed.

ON APPLICATION FOR REHEARING
Before HALL, SEXTON, NORRIS, LINDSAY and HIGHTOWER, JJ.
Rehearing denied.