EDWARDS, Judge.
This is a taxpayer lawsuit in which the plaintiffs, four individual taxpayers domiciled in the city of Bogalusa, La., filed a class action petition seeking an order from the court compelling the Bogalusa City School Board to seek reimbursement from its misfeasance, malfeasance and nonfea-sance insurer, named defendant, Tudor Insurance Company (Tudor), on the basis of allegations that the School Board incurred excess audit costs and tax liens due to its own failure to maintain adequate accounting records and neglect of fiscal duties. From a judgment granting defendants’ exception of no right of action and dismissing, with prejudice plaintiffs’ action, the plaintiffs appeal. After a thorough review of the record and applicable jurisprudence, we affirm the ruling of the trial court.
Taxpayer Lawsuits and Standing
The jurisprudence regarding standing in taxpayer lawsuits is well established: a taxpayer seeking mandamus to compel the performance of a duty by a public board, officer or commission must establish an interest in the litigation peculiar to him personally and separate and distinct from that of the general public; on the other hand, a taxpayer seeking to restrain unlawful activity by a public board, officer or commission may have standing to seek judicial intervention if he can show that such activity will increase the burden of taxation or otherwise injuriously affect the taxpayers or their property. See State ex rel. Schoeffner v. Dowling, 158 La. 706, 104 So. 624 (1925); Suarez v. Police Jury of Parish of St. Bernard, 203 La. 680, 14 So.2d 601 (1943); League of Women Voters of New Orleans v. City of New Orleans, 381 So.2d 441 (La.1980); Bussie v. Long, 286 So.2d 689 (La.App. 1st Cir.1973) cert. denied, 288 So.2d 354 (1974); Schaefer v. Treen, 444 So.2d 188 (La.App. 1st Cir.1983) cert. denied, 446 So.2d 315 (1984); State v. Mayor and Board of Aldermen of the City of Tallulah, 549 So.2d 891 (La.App. 2nd Cir.1989) cert. denied, 556 So.2d 39 (1990).
Plaintiffs’ Claim
In their initial petition, plaintiffs alleged that the School Board failed to main *879 tain proper records, that certain employees neglected their duty to ensure diligently maintained records, that the school board failed to properly supervise its employees and that such negligence in the performance of its fiscal duties caused the school board to incur substantial and unwarranted increased audit costs. Plaintiffs subsequently filed an amending petition and further alleged that the school board’s conduct in maintaining its records was also unlawful. Based on these allegations, the plaintiffs assert the right “to compel the school board to seek indemnity for its acts under its insurance policy,” as well as the “right to seek redress for the return of [the increased audit costs] to the public fisc.”
Application of Legal Precepts
The plaintiffs seek to compel performance from the school board. The trial court applied the correct standard and found that the plaintiffs failed to show a special interest apart from the interest of the general public in an action to recover insurance proceeds allegedly owed to the school board, as required to maintain such an action. This finding is not manifestly erroneous. Presumably, such an action, if successful, would improve the public fisc and inure to the benefit of taxpayers and citizens generally, but not specifically to the benefit of the plaintiffs herein. See State v. Mayor and Board of Aldermen of the City of Tallulah, 549 So.2d at 895. The plaintiffs’ interest in such an action is remote, at best, and accordingly, the judgment of the trial court, sustaining the exception of no right of action is affirmed.[1] All costs of this appeal are assessed against the plaintiffs.
AFFIRMED.

. The plaintiffs, in their amended petition, apparently attempted to establish their right of action by asserting that the school board's failure to adequately maintain records was "unlawful” and violative of statutorily imposed duties. We need not consider such claim, as it is not relevant in an action such as this one which seeks to compel performance, rather than to restrain unlawful activity.