STEWART, J.,
concurring in part and dissenting in part.
11While I concur with the majority in affirming that part of the judgment appointing the fiscal administrator, I dissent from that part which affirms the injunctive relief granted by the trial court. By enjoining the town from incurring or paying debts or obligations and hiring or contracting without the express approval of the fiscal administrator, the trial court granted the fiscal administrator powers not provided by law.
Though referred to as a preliminary injunction by the state, the trial court’s judgment, and the majority, I would find the relief granted to be in the nature of a permanent injunction. A permanent injunction is one issued after a trial on the merits where entitlement to relief must be proved by a preponderance of the evidence. Here, the injunction was granted after a trial on the merits, not as a preliminary or interlocutory matter.
The majority refers to State v. Mayor and Bd. Of Aldermen of City of Tallulah, 549 So.2d 891 (La.App. 2d Cir.1989), writ denied, 556 So.2d 39 (La.1990), as precedent for the injunction here. In that case, the facts merely relate that a fiscal administrator was appointed and injunctive powers were granted pursuant to a consent judgment. However, the propriety of enjoining the mayor and board of aldermen from incurring or paying debts was not put before the court for review as in this matter.
The provisions governing the appointment of a fiscal administrator, La. R.S. 39:1351 et seq., confer the specific powers to investigate, report, and propose budgetary changes for implementation by the political subdivision. If the political subdivision refuses to implement the proposed budgetary changes, the fiscal administrator is authorized to seek 12implementation by court order. Finally, the fiscal administrator has the power to monitor the revenues and expenditures under the budgetary changes until such time that it is determined by a reasonable certainty that the political subdivision is operating with sufficient revenue to meet current expenditures. These are the specific powers granted the fiscal administrator under the law. Pursuant to these powers, the fiscal administrator can ensure that a political subdivision has the proper budgetary framework from which it can operate on a sound financial basis. As provided by La. R.S. 39:1311, the budget and budget amendments provide the framework from which the governing authority, administrative, and executive officers of a political subdivision must monitor the revenues and control expenses.
The legislature in drafting the fiscal administrator provisions could have seen fit to give greater powers to the appointee, such as those sought by the state in requesting injunctive relief. It did not. Because the fiscal administrator provisions infringe the powers granted political subdivisions and its executive and legislative officials, I believe they should be construed with strictness to ensure that the appointee’s authority does not infringe beyond what is specifically for by law.
The fiscal administrator provisions do not allow the appointee to usurp the authority granted by law to the mayor and aldermen. Municipalities are vested with all powers, rights, privileges, immunities, authorities and duties in accordance with *229 our state constitution and statutes and are authorized to exercise any power and perform any function necessary and proper for the management of its affairs. La. R.S. 33:361(A). This includes the power to assume indebtedness, which is specifically granted to the board of alderman. |sgee La. R.S. 33:361(B). As well, the mayor is granted the powers of signing contracts on behalf of the municipality and of hiring and firing municipal employees. See La. R.S. 33:404. I agree with the Town’s argument that the injunctive relief granted by the trial court does indeed invade upon the province of its legislative and executive officers.
Ordinarily, the judicial branch may not enjoin a municipal body from acting under the guise of its legislative powers, unless the threatened action would be a direct violation of prohibitory law. Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority, 2004-0211 (La.3/18/04), 867 So.2d 651; La. Associated Gen. Contr., Inc. v. Calcasieu Parish School Bd., 586 So.2d 1354 (La.1991). This record does not support the injunctive relief granted by the trial court. It is not for the purpose of preventing some violation of prohibitory law. It is not authorized by the fiscal administrator provisions. It is not based on a showing of irreparable harm. At most, the State made conclusory allegations of irreparable harm; it did not prove such and certainly not by a preponderance of the evidence.
For these reasons, I dissent from that part of the majority opinion affirming the “preliminary injunction” granted by the trial court.
STEWART, J., concurs in part and dissents in part with written reasons.