LOBRANO, J.,
dissents with reasons.
hi respectfully dissent. I find that the trial court erred in granting the defendant’s motion to quash the bill of information, dismissing the charge against the defendant. I would reverse the trial court’s ruling and remand the case for further proceedings.
In his written motion to quash and at the contradictory hearing, defendant claimed that institution of the formal charge of payroll fraud against him violated his constitutional right against being twice placed in jeopardy. • See U.S. Const, amend. VI; La. Const, art. 1, § 15. The majority opinion pretermits the double jeopardy issue and focuses on the agreement entered into between the District Attorney’s Office and the defendant that allowed him to enter and complete a pretrial diversion program to avoid prosecution on public payroll fraud. However, the actual agreement was never introduced into evidence at the contradictory hearing. Without the agreement, there was no basis for the trial court to conclude the District Attorney breached the agreement by instituting the instant prosecution.
I believe the actual issue is whether the defendant was ever placed in jeopardy for the alleged offense of public payroll fraud.
| ?“The Fifth Amendment to the U.S. Constitution and La. Const. Art. 1, § 15 guaranty that no person shall be twice placed in jeopardy for the same offense. This guaranty protects against 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense.” State v. Jones, 2012-0565, p. 6 (La.App. 4 Cir. 4/24/13), 115 So.3d 643, 648, citing State v. Smith, 95-61 (La.7/2/96), 676 So.2d 1068, 1069.
Double jeopardy is defined in La.C.Cr.P. art. 591 as:
No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.
La.C.Cr.P. art. 592 sets forth when double jeopardy begins. It provides:
When a defendant pleads not guilty and is tried by jury, jeopardy begins when the jury panel is sworn pursuant to Article 790. When a defendant pleads not guilty, and is tried without a jury, jeopardy begins when the first witness is sworn at the trial on the merits. When a defendant pleads guilty, jeopardy begins when a valid sentence is imposed.
A motion to quash a bill of information may be based on the ground that trial for the offense charged would constitute double jeopardy. See La.C.Cr.P. art. 532(6).
In State v. Daigle, 344 So.2d 1380, 1388 (La.1977), the Louisiana Supreme court held that “jeopardy does not attach until the first witness is sworn at the trial on the merits.” In State v. Cloud, 2006-877 (La.App. 3 Cir. 12/13/06), 946 So.2d 265, 268, the Third Circuit, citing La.C.Cr.P. art. 592, held that “the defendant was not placed in double jeopardy by his subsequent trial on the previously filed charges and those that had been previously dismissed, since jeopardy never attached in the first place.” Additionally, in Mares v. Glasgow, 219 So.2d 19, 20 |s(La.App. 4th Cir.1969), this Court held that “[a] nolle prosequi filed by the District Attorney did not have the effect of barring further prosecution” in the ease citing La.C.Cr.P. art. 693.[1]
*248 The formal bill of information in this case alleged that the defendant committed numerous instances of public payroll fraud while he was employed by the NOPD and Walgreens from August 1, 2007 through September 25, 2007. James Wiloem, an investigator with the Orleans Parish District Attorney’s Office testified at the motion to quash hearing that he was asked to conduct an investigation into the payroll fraud allegations involving the defendant. After reviewing the police report submitted by the NOPD Internal Affairs or Public Integrity Bureau and Walgreens’ payroll records, Wiloem discovered that the police report failed to cover twenty-two additional occurrences of alleged payroll fraud by the defendant. The State claims these additional occurrences of alleged payroll fraud were not covered by the diversion program.
Nothing in the record before us indicates that the State had filed the formal bill of information against the defendant or that a trial date had been scheduled or that a jury had been sworn when the defendant entered into the agreement with the District Attorney’s Office to participate in the pre-trial diversion program. Although the State refused the charge against the defendant after he successfully completed the diversion program, the State was not barred from subsequently filing that charge since jeopardy never attached in the first place. See Mares, 219 So.2d at 20.
[/‘The granting of a defendant’s motion to quash the bill of information is a discretionary ruling by the trial court, and absent abuse, the ruling should not be disturbed by the appellate court.” State v. Batiste, 2005-1571, p. 9 (La.10/17/06), 939 So.2d 1245, 1252. After reviewing the record, I find the trial court abused its discretion in granting the defendant’s motion to quash the bill of information. I would reverse the trial court’s ruling and remand the matter for further proceedings.

. La.C.Cr.P. art. 693 provides: Dismissal by the district attorney of an indictment or of a count of an indictment, discharges that particular indictment or count. The dismissal is not a bar to a subsequent prosecution, except that: (1) A dismissal entered without the defendant’s consent after the first witness is sworn at the trial on the merits, shall operate as an acquittal and bar a subsequent prosecution for the charge dismissed; and (2) A dismissal entered after a city court conviction has been appealed to the district court for a trial de novo, shall operate as an acquittal and bar a subsequent prosecution for the charge dismissed.