525 So.2d 668 (1988)
L.D. REYNOLDS and Doris Barnes Reynolds
v.
The HOSPITAL SERVICE DISTRICT NO. 1 OF the PARISH OF TERRBONNE, State of Louisiana D/B/A Terrebonne General Hospital, Dr. J. Bruce Steigner, Dynatech Corp. and Louisiana Mutual Insurance Company.
In re L.D. REYNOLDS Applying for Writ of Mandamus to Sherman A. Bernard, Commissioner of Insurance and John D. Schoonenberg, Chairman of Medical Review Panel.
L.D. REYNOLDS and Doris Barnes Reynolds
v.
Dr. J. Bruce STEIGNER and Louisiana Medical Mutual Insurance Company.
Nos. 87 CA 0218 to 87 CA 0220.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
Lawrence D. Wiedemann, New Orleans, for plaintiff and appellantL.D. Reynolds.
Daniel Walker, Houma, for defendant and appelleeHospital Service Dist. No. 1.
Robert L. Morris, Houma, for defendant and appelleeDr. J. Bruce Steigner.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
L.D. Reynolds instituted a claim for personal injury against Dr. J. Bruce Steigner, Hospital Service District No. 1 of the Parish of Terrebonne (Terrebonne General Hospital), Dynatech Corporation and Louisiana Medical Mutual Insurance Company. Pursuant to La.R.S. 40:1299.47 Reynolds filed a request for review of the claim with the Commissioner of Insurance (Commissioner). The petition was also filed with the Thirty-Second Judicial District Court. Doris Barnes Reynolds was subsequently added as a party plaintiff. On August 28, 1985, the parties were notified that the *669 selection of the medical review panel was completed. The panel was convened on February 28, 1986, and rendered its opinion on that date, one hundred eighty-three days after the selection of the last panel member. On March 19, 1986, plaintiffs instituted a personal injury action against Dr. J. Bruce Steigner and Louisiana Medical Mutual Insurance Company based on the same factual situation from which the original complaint arose.
On March 20, 1986, Reynolds filed a petition for writ of mandamus directing the panel chairman "to perform the duty required of him by law and dissolve the Medical Review Panel convened by him ... and nullify the decisions rendered by the panel subsequent to a time when it should have been dissolved." After a hearing on the mandamus, judgment was rendered in favor of defendants and the mandamus petition was dismissed. Reynolds applied for supervisory writs to this court. We denied the writ application stating that Reynolds' proper remedy is by appeal. 86 CW 1473. Plaintiffs subsequently filed this devolutive appeal alleging the following assignments of error:
1. The lower court erred in failing to strictly construe the provisions of the Louisiana Medical Malpractice Act, LSA-R.S. 40:1299.41, et seq.
2. The lower court erred in arbitrarily extending the time periods prescribed by the Louisiana Legislature in the Louisiana Medical Malpractice Act, LSA-R.S. 40:1299.41, et seq.
3. The panel chairman erred in not enforcing the reasonable deadlines fixed by him under LSA-R.S. 40:1299.47(C)(2) to the detriment of appellant, and the lower court erred in failing to grant the writ of mandamus ordering the panel chairman to dismiss the panel and set aside the opinion thereof.
In the first and second assignments of error plaintiffs contend that under La.R.S. 40:1299.47(G) it is mandatory that the medical review panel convene and render its opinion within 180 days after the selection of the last panel member and that failure to do so should result in dissolution of the panel by the chairman and nullification of any subsequent opinion rendered by the panel.
All malpractice claims against qualified health care providers must be presented to a medical review panel prior to filing suit in any court. La.R.S. 40:1299.47(B)(1)(a)(i). La.R.S. 40:1299.47 prescribes the procedure for filing the claim; selection of the panel members; applicable procedural delays; suspension of prescription; duties of the parties, Commissioner and panel members; and remedies available for noncompliance with the statute.
It is uncontested that the panel chairman inadvertently scheduled the panel to convene one hundred eighty-three days after the selection of the last panel member. The delay was not attributable to any acts or omissions of defendants. La.R.S. 40:1299.47(G) provides in part:
The panel shall have the sole duty to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint. After reviewing all evidence and after any examination of the panel by counsel representing either party, the panel shall, within thirty days but in all events within one hundred eighty days after the selection of the last panel member, render one or more of the following expert opinions...
La.R.S. 40:1299.47(K) provides:
In the event the medical review panel after a good faith effort has been unable to carry out its duties by the end of the one hundred eighty day period, as provided in R.S. 40.1299.47(G), either party or the commissioner, after exhausting all remedies available to them under this Section, may petition the appropriate court of competent jurisdiction for an order to show cause why the panel should not be dissolved and the panelists relieved of their duties. The suspension of the running of prescription shall cease sixty days after receipt by the claimant or his attorney of the final order dissolving *670 the medical review panel, which order shall be mailed to the claimant or his attorney by certified mail.
Although the parties are provided with a remedy for the panel's failure to render an opinion within the 180 day period, the legislature obviously contemplated the eventuality that on occasion the panel would be unable to timely fulfill its duties. On those occasions where despite a good faith effort the panel is unable to convene and render its opinion within the 180 day period the trial court has the discretion to extend the period for compliance. La.R.S. 40:1299.-47(K). Further, the language of La.R.S. 40:1299.47(L) implies that valid opinions may be issued after 180 days. La.R.S. 40:1299.47(L) reads:
Where the medical review panel issues its opinion after the one hundred eighty days required by this Section, the suspension of the running of prescription shall not cease until ninety days, following notification by certified mail to the claimant or his attorney of the issuance of the opinion as required by Subsection J of this Section. (Emphasis added).
If after the exhaustion of all remedies provided under this statute an opinion has not been rendered within twelve months after the parties have been notified of the selection of the attorney chairman, the medical review panel is dissolved without the necessity of obtaining a court order of dissolution. La.R.S. 40:1299.47(B)(`)(b). However, for good cause shown either party may petition the court for an order extending the twelve month period. If an extension is ordered, the panel will dissolve of its own after the court-ordered extension has run. Id. The only remaining provision pertaining to dissolution of the panel is subsection (A)(2)(c) which requires that the Commissioner dismiss a claim where the claimant has taken no action to secure the appointment of a panel chairman within two years from the date of the filing of the request for a medical review panel.
Under La.R.S. 40:1299.47 the panel chairman serves in an advisory capacity to the medical review panel; he has no vote. The chairman has the duty to expedite selection of the other panel members, La.R.S. 40:1299.47(C)(2), (C)(3)(c), (C)(3)(d), (C)(3)(e); within five days after completion of the panel selection process, to notify the Commissioner and the parties of the names and addresses of the panel members and the date on which the last member was selected, La.R.S. 40:1299.47(0(4); to convene the panel, La.R.S. 40:1299.47(C)(2); to expedite the panel's review of the proposed complaint, La.R.S. 40:1299.47(0(2); to disclose to the parties in writing any employment, financial or other relationship which may give rise to a conflict of interest, La.R.S. 40:1299.47(0(7); and to submit a copy of the panel's report to the Commissioner, parties and attorneys within five days of the rendition of the opinion, La.R.S. 40:1299.47(J).
A writ of mandamus may be directed to compel the performance of prescribed, purely ministerial duties in which no element of discretion is left to the officer. It must be a clear and specific legal duty which should be and is capable of being performed. Felix v. St. Paul Fire and Marine Insurance Co., 477 So.2d 676 (La.1985).
Mandamus may have been available to direct the chairman to fulfill his statutory duties prior to the rendition of the opinion. However, plaintiffs did not petition for writ of mandamus until twenty days after the panel was convened and its opinion rendered. Neither did plaintiffs avail themselves of the remedy available under La.R.S. 40:1299.47(K), filing a rule to show cause why the court should not dissolve the panel. The chairman is neither statutorily required nor authorized to dismiss the panel prior to its rendition of the opinion or to nullify the opinion rendered by the panel. Thus, mandamus will not lie to compel the panel chairman to dissolve the panel and nullify its opinion.

SUBMISSION OF EVIDENCE
[3] In the third assignment of error plaintiffs contend that the chairman's failure to require the defendants to submit their evidence within the time period established *671 by the chairman was in violation of La.R.S. 40:1299.47(CX2) and resulted in prejudice to plaintiffs. Defendants allegedly submitted their evidence to the panel two to three days prior to the scheduled meeting of the panel.
The panel chairman has the duty to "establish a reasonable schedule for submission of evidence to the medical review panel but must allow sufficient time for the parties to make full and adequate presentation of related facts and authorities within ninety days following selection of the panel." La.R.S. 40:1299.47(0X2). "The evidence to be considered by the medical review panel shall be promptly submitted...." La.R.S. 40:1299.47(D)(1). "A copy of the evidence shall be sent to each member of the panel." La.R.S. 40:1299(D)(6) (Emphasis ours). Where one of the parties fails to comply with La.R.S. 40:1299.47 the aggrieved party may petition the district court to order the parties to comply with the statute. La.R.S. 40:1299.47(C)(6).
Plaintiffs did not petition the court to direct the parties to comply with the chairman's schedule for submission of evidence or to direct the chairman to take steps to have the parties comply. Rather, approximately twenty days after the rendition of the opinion, plaintiffs sought to have the court direct the chairman to dissolve the panel and nullify its opinion. As discussed supra, dissolution of the panel can only be obtained by court order, La.R.S. 40:1299.47(K); by the Commissioner's dismissal, La.R.S. 40:1299.47(A)(2)(c); or without court order after a twelve month delay or after the expiration of a court-ordered extension, La.R.S. 40:1299.47(B)(1)(b). The chairman is not authorized to dissolve the panel and nullify its opinion. Accordingly, the judgment of the trial court is affirmed. Cost of this appeal is assessed to plaintiff.
AFFIRMED.