hDECUIR, Judge.
Cynthia Metrejean and her minor children filed this medical malpractice action against Dr. William Long, Dr. Joseph Rankin, and Diagnostic Breast Center, alleging negligence in failing to timely diagnose breast cancer. The physicians filed an exception of prematurity which was sustained by the trial judge. For the reasons which follow, we reverse.
The record reveals the following pertinent dates: The alleged malpractice occurred on July 7, 1995, and continued through August 27, 1996. On January 23, 1997, -Metrejean instituted proceedings to convene a medical review panel. On March 3, 1997, Metrejean instituted discovery proceedings in court, and this matter was assigned a docket number. The discovery matters were contested and litigated. The medical review panel was officially formed on March 21, 1997, with the appointment of the attorney chairman, and the last panel member was selected several months later, on January 5,1998.
| ^Having received no decision from the medical review panel within twelve months of its formation, and having received no order extending the time period for the review panel’s decision, Metrejean filed suit on April 7, 1998, in accordance with the provisions of La.R.S. 40:1299.47(B)(l)(b). Rankin and Long filed this exception of prematurity, alleging *1241 they are entitled to a decision by the medical review panel prior to suit being filed by the plaintiffs. Specifically, Rankin and Long contend that a motion and order to extend the twelve month period for the review panel’s decision was prepared and filed but was somehow lost in the clerk of court’s office.
An evidentiary hearing was held on the exception of prematurity. Testimony from the office staff of the attorneys representing Rankin and Long was offered, as was the testimony of the clerk of court. Essentially, it was revealed that a paralegal working for Rankin’s attorney spoke to the secretaries for Long and Metrejean’s attorneys and told them that the twelve month period for the review panel’s decision was nearing an end. She testified that everyone agreed to an extension of time, although Metrejean’s attorney denies such an agreement was reached. Accordingly, she instructed other personnel in her office to prepare an appropriate motion and order for signature by a district judge. The pleading that was prepared did not contain the docket number previously assigned to this matter in the course of the discovery controversies, but was referenced with the number assigned by the Commissioner of Insurance. The pleading included a certificate, signed by Rankin’s attorney, certifying that a copy of the foregoing motion and order had been sent to all counsel of record.
It was admitted by counsel that no copies had been sent to all counsel of record. Rankin’s attorney told the court that he intended to send copies of the signed order to other counsel when he received it from the clerk’s office. The record | ..¡includes no evidence that an order was ever signed by a judge. No other counsel ever received a copy of Rankin’s motion. The clerk of court testified that no motion was found in her office and there was no record of an order having been signed. There was evidence that the procedures for keeping track of uncontested and undocketed medical review panel pleadings are haphazard and are very often not followed.
Further evidence submitted at the hearing revealed that all parties proceeded with gathering evidence for submission to the review panel and continued to discuss, by written correspondence, matters pertaining to the panel in February and March of 1998. Metrejean’s suit, filed in early April, was not anticipated by the defendants.
In sustaining the defendants’ exception of prematurity, the trial judge made a factual determination that a motion for extension of time was filed. He then issued an order dismissing Metrejean’s petition without prejudice and extending the deadline for the medical review panel’s decision to December 31, 1998. Metrejean applied for writs to this court, which application was denied, as the judgment of dismissal was a final judgment subject to review by appeal only. This appeal followed.
La.R.S. 40:1299.47(B)(l)(b) provides as follows:
However, with respect to an act of malpractice which occurs after September 1, 1983, if an opinion is not rendered by the panel within twelve months after the date of notification of the selection of the attorney chairman by the executive director to the selected attorney and all other parties pursuant to Paragraph (1) of Subsection C of this Section, suit may be instituted against a health care provider covered by this Part. However, either party may petition a court of competent jurisdiction for an order extending the twelve month period provided in this Subsection for good cause shown. After the twelve month period provided for in this Subsection or any court-ordered extension thereof, the medical review panel established to review the claimant’s complaint shall be dissolved without the necessity of obtaining a court order of dissolution.
*1242 After reviewing the record before us and legislation pertinent to this dispute, we conclude the trial court’s factual findings are manifestly erroneous and cannot be|4affirmed. The trial judge found that a motion for extension of time was filed, the defendants believed it had been granted, and no one will be prejudiced by the dismissal of the plaintiffs’ suit. The judge further noted that the intent of the medical malpractice statute will be fulfilled if the defendants are given the opportunity to be evaluated by their peers prior to suit.
These findings are unsubstantiated. First, while it is undisputed that Rankin’s attorney prepared a motion, it is not at all clear from the evidence that a motion and order were received by the clerk’s office, filed, or reviewed and signed by a district judge. Second, while it may be true that Metrejean’s attorney expected a motion to be filed, and acted in conformity with that expectation by proceeding with the submission of evidence to the review panel, it is not clear that the attorney agreed to an extension or believed that one had been granted. What is clear is that Metrejean had no notice of an extension of the review panel’s deadline and filed suit in conformity with statutory law.
In fact, the plaintiffs’ alleged acquiescence gives rise to the question of prejudice. The trial judge found that the plaintiffs are not prejudiced by the dismissal of their suit. To the contrary, fifteen months elapsed since the review panel was requested. The issues raised by Metrejean have yet to be resolved. Second, after the expiration of the twelve month period for the review panel’s decision, the claimant is entitled to file suit, presumably because the review panel is dissolved, but the law is unclear as to how such dissolution occurs. La.R.S. 40:1299.47(B)(3) states that prescription is no longer suspended 90 days after the attorney chairman notifies the parties of the dissolution, but it does not specify when dissolution actually occurs. This put Metrejean in legal limbo, not knowing if she should continue with an administrative proceeding that may be nonexistent or move into the judicial arena as | ^allowed by La.R.S. 40:1299.47(B)(l)(b). Finally, the plaintiffs’ pecuniary interests are prejudiced as they will again incur responsibility for filing fees and costs when their suit is filed for the second time. Accordingly, we find the factual conclusions reached by the trial judge to be manifestly erroneous.
We turn now to the physicians’ argument concerning the conflicting 180-day time period. La. R.S.40:1299.47(G) provides in part:
The panel shall have the sole duty to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care. After reviewing all evidence and after any examination of the panel by counsel representing either party, the panel shall, within thirty days but in all events within one hundred eighty days after the selection of the last panel member, render one or more of the following expert opinions ....
In Reynolds v. Hospital Service Dist. No. 1 of Terrebonne Parish, 525 So.2d 668 (La.App. 1 Cir.), writ denied, 531 So.2d 480 (La.1988), the court discussed the time periods which govern medical review panel proceedings. The Reynolds plaintiff objected to a review panel’s decision rendered after the 180-day period had expired but within twelve months of the selection of the attorney chairman, and he filed a petition for writ of mandamus directing the attorney chairman to dissolve the panel. The court determined that the attorney chairman had no authority to dissolve the panel, but that dissolution “can only be obtained by court order, La.R.S. 40:1299.47(K); by the Commissioner’s dismissal, La.R.S. 40:1299.47(A)(2)(c); or without court order after a twelve month delay or after the expiration of a court-ordered extension, La.R.S. 40:1299.47(B)(l)(b).” The Reynolds court *1243 described the twelve month period as follows:
If after the exhaustion of all remedies provided under this statute an opinion has not been rendered 'within twelve months after the parties have been notified of the selection of the attorney chairman, the medical review panel is dissolved without the necessity of obtaining a court border of dissolution. La.R.S. 40:1299.47(B)(1)(b). However, for good cause shown either party may petition the court for an order extending the twelve month period. If an extension is ordered, the panel will dissolve of its own after the court-ordered extension has run. Id.
We agree with these comments and conclude that the language of La.R.S. 40:1299.47(B)(l)(b) provides for an overriding twelve month period in which the review panel must conduct its evaluation. While it is true that the twelve month period may be extended for good cause shown, that is a step which we have determined did not occur herein. The medical review panel statute, when read as a whole, indicates that once a review panel has been convened, it should render its decision within 30 days. If that deadline cannot be met, the panel is then given 180 days from the date the last panel member was selected to render its decision. After the expiration of 180 days, the parties have the option of petitioning the court for dissolution of the panel or doing nothing, in which case the review panel continues its work and can render a valid opinion. However, once the twelve month period expires, the plaintiff may file suit. This sequence was designed to prevent delay and is not altered if the 180-day period happens to extend beyond the one year period, as was the case herein.
Because we find that Metrejean’s suit was filed in accordance with law and was not premature, we deny the physicians’ request to supplement the record with the review panel’s opinion, ultimately rendered several months after this appeal was lodged.
For the foregoing reasons, the judgment of the trial court is reversed. Costs of the appeal are assessed to the defendants.
REVERSED.