Dear Mr. James:
On behalf of the West Calcasieu Port (the "Port") you have requested the opinion of this office on whether the Port is required to advertise for bids prior to entering into an agreement for the lease of Port property.
Generally, the lease of public property by a political subdivision is governed by the Public Lease Law (LSA-R.S. 41:1211
et seq.,). The Public Lease Law provides for leasing of immovable public property to the highest bidder following advertisement and solicitation of bids. Therefore, in the absence of an express permissive provision in the special law creating the Port, such leases cannot be negotiated without advertisement and competitive bidding. Hall v. Rosteet, 247 La. 45, 169 So.2d 903 (1964).Terral Barge Line. v. Madison Parish Port Commission,577 So. 2d 787 (2nd Cir. 1991), and West Calcasieu Port, Harbor andTerminal District v. Cajun Marine Services, Inc., 348 So.2d 169
(3d Cir. 1977).
We do not find that the Port's enabling legislation contains an exemption from the Public Lease Law. The only authorization for the Port to lease property is found in R.S. 34:2104, which sets forth the general powers of the authority to contract, lease or otherwise administer property within its jurisdiction. Specifically, section 2104 provides as follows:
 "The board of commissioners . . . may own, administer, contract for, construct, operate, and maintain docks, wharves, sheds, elevators, locks, slips, laterals, basins, warehouses, belt and connecting railroads, airports, works of public improvement, and all other property, structures, equipment, and facilities necessary or useful for port, harbor, and terminal purposes, including buildings and equipment for the accommodation of passengers and the handling, storage, transportation, and delivery of freight, express, and mail; . . . it may acquire industrial plant sites and necessary property or appurtenances therefore and it may acquire or construct industrial plant building with necessary machinery and equipment within the district; it may lease or sublease for processing, *Page 2 
manufacturing, commercial, and business purpose, lands or building owned, acquired, or leased as lessee by it which leases may run for any term not exceeding forty years at a fixed rental. . . ."
Section 2104.1 goes on to provide that the district "is hereby granted all the rights, powers, privileges, and immunities granted to political subdivisions generally for industrial, commercial, research, and economic development purposes."
Although the Port's enabling legislation does not contain an express exemption from the Public Lease Law, Louisiana Courts have recognized other constitutional or statutory provisions that provide exemptions to lease agreements entered into by public bodies. Kliebert v. South Louisiana Port commission (La.App.),182 So.2d 814 (1966); Wright v. Lake Charles Harbor and TerminalDist., (La.App.), 188 So.2d 449 (1966); Hebert v. Police Juryof West Baton Rouge Parish, 200 So.2d 877 (La.App. 1st Cir. 1967).
La. R.S. 33:4717.2, authorizes a "political subdivision", such as the West Calcasieu Port, for industrial inducement purposes, to sell, lease, or otherwise dispose of, by suitable and appropriate contract, to any enterprise locating or existing within, outside of, or adjoining to such political subdivision, all or part of an industrial plant site, building, port, harbor, or terminal facility, or other property owned by the political subdivision.
The authority granted by La. R.S. 33:4712.2 is ". . . in addition to the authority granted by other laws." That language has been found to be an express statutory provision such as to render the public lease laws inapplicable to industrial inducement contracts executed pursuant to La. R.S. 33:4717.2. SeeHebert v. Police Jury of West Baton Rouge Parish, 200 So.2d 877
(La.App. 1st Cir. 1967); Adams Industries Inc. v. City ofMonroe, et al., 385 So. 2d 896 (La.App. 2d Cir. 1980), rehearing denied and JTS Realty Corp v. City of Baton Rouge,499 So.2d 274 (La.App. 1st Cir. 1986) writ denied,503 So.2d 19 (La. 1987). Also see Attorney General Opinion Nos. 89-653, 98-0358 and 02-0353.
It is therefore the opinion of this office that the West Calcasieu Port must comply with the provisions of the Public Lease Law (La. R.S. 41:1211 et seq.) in leasing Port owned property unless such a lease is executed in accordance with a specific constitutional or statutory exemption such as the provisions of industrial inducement statute (La. R.S. 33:4717.2). *Page 3 
We trust that this answers your inquiry.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ______________________ RICHARD L. McGIMSEY Assistant Attorney General