Dear Mr. Lovell:
On behalf of the Terrebonne Parish School Board (the "School Board") you have requested the opinion of this office on whether the School Board may negotiate a campsite lease of certain marsh property owned by the School Board without adhering to the requirements of the Public Lease Law (LSA-R.S. 41:1211, et seq.). According to your request, the Board has recently resolved in its favor a longstanding boundary dispute between the School Board and Apache Corporation and its ancestor in title. Prior to resolution of the dispute, Apache Corporation and its ancestor in title leased two fishing campsites on the disputed portion of the property. Resolution of the boundary dispute places the fishing campsites clearly within the property owned by the School Board. The lessees have been notified of the resolution of the boundary dispute and the leases have been terminated. The School Board would like to negotiate new campsite leases with the pre-existing lessees and not go through the advertisement and bidding process required by the Public Lease Law.
The lease of School Board property is controlled by La.R.S. 17:87.6. This statute states, in pertinent part, that "[a]ny parish or city school board may sell, lease or otherwise dispose of, at public or private sale . . . any school site, building, facility or personal property which is not used and, in the judgment of the school board, is not needed in the operation of any school or schools within its jurisdiction." In addition to La.R.S. 17:87.6, this office has, on previous occasions, opined that the provisions of the Public Lease Law (La.R.S. 41:1211-1294) are applicable and require compliance in the lease of school lands. See La. Atty. Gen. Op. No. 05-0172, 97-408 and 88-331.
The Public Lease Law requires advertisement in the official journal of the parish where the land is located and secret, sealed bids forwarded through the United States mail. In the absence of an express permissive provision in a special law that authorizes a public entity's lease to be negotiated without advertisement and competitive bidding, all public lands must be leased in accordance with the provisions of La.R.S. 41:1211
et seq. Hall v Rosteet, 247 La. 45, 169 So.2d 903 (1964). Terral BargeLine. v. Madison Parish Port Commission, 577 So. 2d 787 (2nd Cir. 1991), and West Calcasieu Port, Harbor and *Page 2 Terminal District v. Cajun Marine Services, Inc., 348 So.2d 169 (3d Cir. 1977). We do not find any statutory exemption of the School Board from having to adhere to the Public Lease Law when leasing property owned by the School Board, including marsh land.
In light of the interpretation in La. Atty. Gen. Op. No. 97-408 and 05-0172 that both La.R.S. 17:87.6 and the lease of public land provisions embodied in La.R.S. 41:1211 through 1294 apply to the lease of school property, it is our opinion that, once the threshold requirements of La.R.S. 17:87.6 are met (i.e., once a school board has decided that a particular piece of property is unnecessary in the operation of the schools in its jurisdiction), then the general public lease provisions are triggered. Thus, any lease of school property conducted by a school board must follow this procedure.
It is therefore the opinion of this office that the Terrebonne Parish School Board must comply with the provisions of La.R.S. 17:87.6 and the Public Lease Law (La.R.S. 41:1211 et seq.), including the advertising and competitive bidding requirements, when leasing school board owned property.
We trust that this answers your inquiry.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY:__________________________
 RICHARD L. MCGIMSEY
 Assistant Attorney General