Dear Mr. Rouchon:
You have requested an opinion from this Office concerning whether or not the East Feliciana Parish School Board (Board) and the East Feliciana Parish Economic Development District (District) can enter a cooperative endeavor agreement or an intergovernmental agreement for a period of ninety-nine years to allow the District to manage a parcel of 16th Section land for the purpose of leasing the land to private entities for commercial endeavors. Specifically, you suggest one such private entity may be interested in leasing the land for the construction of a for-profit medical school thereon. Pursuant to our conversations, you have advised that you are not seeking an answer specifically about a medical school, but rather a more general answer regarding the process of leasing 16th Section lands and entering into cooperative endeavors or intergovernmental agreements.
For the following reasons, and based on the information supplied in your letter and the applicable law, it is the opinion of this Office that the Board may lease its 16th Section land for an initial term of ten (10) years. The Board may enter into either a cooperative endeavor agreement or an intergovernmental agreement with the District to manage the lease. All applicable statutory procedures must be followed.
As we opined in La. Atty. Gen. Op. No. 06-0214, 16th Section lands are held in trust by the State and managed by school boards "in the manner of a statutory trustee" for the benefit of public education. School boards "shall have the right to administer and use property for public school purposes," subject to statutory regulations regarding its sale or lease.[1] The State, by action of the Legislature, is empowered to alienate these 16th *Page 2 
Section lands in such a manner as to carry out the purpose of the dedication.[2]
To this end, the Legislature has established procedures for the alienation of such lands by a school board in Chapter 6 of Title 41 of the Revised Statutes. There are two provisions for leasing 16th Section lands. First, the sale or lease of 16th Section lands must meet the statutory requirements.[3] Second, a school board may only lease 16th Section lands if a majority of the legal voters are against the sale of the land.[4] Based on the statements in your request letter, we understand that the Board may not be interested in selling the land, but is primarily interested in leasing the land. Please note that the procedures for leasing 16th Section lands under La.R.S. 41:711, etseq., are only available to the Board if the Board decides to lease the land after the electors reject a sale of the property. We also note that, while La.R.S. 17:87 allows for leasing solely by a resolution of school boards, La. Atty. Gen. Op. 06-0214 clarifies that La.R.S. 17:87 cannot be viewed as sole authority for the leasing of 16th Section lands by school boards, and that a school board must also comply with the applicable provisions of Title 41 in leasing 16th Section lands.[5]
For your further edification, we point out that it is within the discretion of the Board to use another leasing option.[6] Under La.R.S. 41:981, the Board may lease 16th Section land to a corporate industrial development board without having to follow the procedures set forth in La.R.S. 41:711, et seq., thus:
 A. The school board of any parish or municipality in which land is located that was granted, appropriated or reserved by congress in trust to the state of Louisiana, for school purposes is authorized to lease such land, except portions thereof in use or needed for school purposes, to a parish or municipality through a corporate industrial development board organized under the provisions of Chapter 7 of Title 51 of the Louisiana Revised Statutes of 1950, as an instrumentality of the parish or municipality, subject to the approval of such lease by the Louisiana Board of Commerce and Industry.
 B. The school board may enter into such leases by authority of a resolution adopted by the board, without approval of a vote of electors and without advertising or seeking bids. Provided, however, that the amount of the lease payment shall be equal to the fair market value of such Section 16 lands at the time of entering into the lease as determined by the industrial development board and fair market value redetermined every ten years for the purpose of adjusting *Page 3 
rentals, set forth in R.S. 41:981A. The school board may not grant to such a lessee any right to develop or produce oil, gas or any other minerals on such land.
 C. Every such lease shall provide for the reentry thereon by the school board for use for school purpose at any time upon reasonable notice to the lessee with respect to all or any part of the leased premises except such land upon which the lessee has constructed improvements as permitted by the lease or otherwise with the consent of the school board, together with a reasonable acreage surrounding the improvements adequate to permit the intended use of the improvement.
 D. Except as otherwise agreed upon in the lease, the ownership of, removal of, compensation for and other matters relative to improvements placed upon the leased land shall be governed by Chapter 7 of Title 51 of the Louisiana Revised Statutes of 1950 and by the general laws of this state governing leases.
 E. All revenues realized from a lease authorized by this section shall be paid to the school board and credited to the current school fund of the parish or municipality, as the case may be. In the event the township in which the sixteenth section is located lies in two or more parishes, the revenues realized from the lease shall be prorated on the basis of percentage of the township lying within each parish.
 F. Except as otherwise provided in this section, a school board may enter a lease herein authorized upon such terms and conditions and for such consideration as the board shall determine.
 G. The provisions of this section shall be in addition and supplemental to other powers and authority granted to school boards by other laws.
Whether the school board leases to a corporate industrial development board pursuant to La.R.S. 41:981, or to some other entity under the provisions of La.R.S. 41:711, et seq., the Board must comply with the La.R.S. 41:1217(A) regarding the term of the lease. The initial term of a lease of any school board property may not exceed ten (10) years.[7] La.R.S. 41:1217 allows for extensions to the ten-year period provided in Subsection (A). However, even the available extensions will not allow for the initial execution of a 99-year lease as is contemplated in your request. Consequently, *Page 4 
pursuant to the relevant statutory authority, the Board may not lease the tract of 16th Section land for an initial term of 99 years.
If the Board leases the 16th Section land under La.R.S. 41:711, in addition to La.R.S. 17:87, this Office has, on previous occasions, opined that the provisions of the Public Lease Law (La.R.S. 41:1211-1294) are applicable and require compliance in the leasing of school lands.[8] The Public Lease Law requires advertisement in the official journal of the parish where the land is located and secret, sealed bids forwarded through the United States mail. In the absence of an express permissive provision in a special law that authorizes a public entity's lease to be negotiated without advertisement and competitive bidding, as in La.R.S. 41:981, all public lands must be leased in accordance with the provisions of La.R.S. 41:1211, etseq.[9] The only statutory exemption available to the Board with regard to Public Lease Law is contained in La.R.S. 41:981.
Finally, you ask whether the Board may enter into a cooperative endeavor agreement or an intergovernmental agreement with the District for the purpose of managing a lease of the 16th Section land. We have opined that the Catahoula Parish School Board could, in its discretion, employ a manager of 16th Section land on a percentage or contingency fee basis.[10] We can find no reason to disagree with the analysis in that opinion, and therefore, adopt it in this situation as well.
The manager you seek to employ in this case is the District via a cooperative endeavor agreement or an intergovernmental agreement. Either one of these types of agreements is available to the Board. A cooperative endeavor means "any form of economic development assistance between and among the state, its local governmental subdivisions, political corporations, public benefit corporations, the United States or its agencies, or any public or private association, corporation, or individual."[11] The District is a political subdivision of the State of Louisiana[12] and, is therefore, one of the enumerated classes that may properly enter into a cooperative endeavor agreement as defined under Louisiana law (i.e., a local governmental subdivision; political corporation; public benefit corporation; a public or private association, corporation, or individual; or an agency of the United States). The Board is also a political subdivision of the State pursuant to La.Const. Art VI, § 44 (2).[13] Therefore, a contract between the Board and the District would meet the requirements of a cooperative endeavor agreement as authorized in La.Const. Art. VII, § 14 (C) and as defined in La.R.S. 33:9022. *Page 5 
It also appears also that the Board and the District may enter into an intergovernmental agreement. La.Const. Art. VI, § 20, defines intergovernmental cooperation and provides that:
 a political subdivision may exercise and perform any authorized power and function, including financing, jointly or in cooperation with one or more political subdivisions, either within or without the state, or with the United States or its agencies.
Both the Board and the District are included in the enumerated classes of entities that may properly enter into an intergovernmental agreement as defined in Louisiana law.
We summarize our conclusions and the procedures as follows:
 A. 16th Section land may be leased pursuant to La.R.S. 41:711, et seq. when a majority of the voters are against a sale of the school board property pursuant to La.R.S. 41:711, et seq.;
 B. The Board must comply with the Public Lease Law in La.R.S. 41:1211;
 C. The initial term of the lease of any school board property may not exceed ten (10) years. However, the lease may be extended under La.R.S. 41:1217;
 D. Either a cooperative endeavor agreement or an intergovernmental agreement may be entered into between the Board and District to enable the District to manage the lease; and
 E. If a corporate industrial development board exists or is formed, the Board may employ the procedures in La.R.S. 41:981 to lease the 16th Section land.
We trust that this analysis adequately responds to your request. Should you have any further questions or concerns, please do not hesitate to contact this Office.
Sincerely,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: __________________________ Irys L. V. Allgood Assistant Attorney General
JDC/ILVA/jv
[1] La.R.S. 41:638; La.R.S. 41:631, et seq.; Ebey v. AvoyellesParish School Board, 2003-765 (La. App. 3 Cir. 12/17/03), 861 So.2d 910.
[2] Meyer v. State, 121 So. 604 (La. 1929).
[3] See generally La.R.S. 41:711, et seq.
[4] La.R.S. 41:716.
[5] La. Atty. Gen. Op. 06-0214.
[6] See specifically La. R.S 41:981.
[7] La.R.S. 41:1217(A).
[8] La. Atty. Gen. Op. Nos. 05-0172, 97-408 and 88-331.
[9] Hall v. Rosteet, 169 So.2d 903 (La. 1964); Terral BargeLine v. Madison Parish Port Commission,577 So.2d 787 (La. App. 2 Cir. 1991)West Calcasieu Port, Harborand Terminal District v. Cajun Marine Services, Inc.,348 So.2d 169 (La. App. 3 Cir. 1977).
[10] La. Atty. Gen. Op. No. 95-25.
[11] La.R.S. 33:9022.
[12] The East Feliciana Parish Economic Development District, is created and declared to be a body politic and political subdivision of the state, as defined in Article VI, Section 44 of the Constitution of Louisiana. La.R.S. 33:2740.62.
[13] La.Const. Art VI, § 44 (2).