SAMUEL, Judge.
This is a suit seeking a mandamus ordering the Clerk of Court and Ex-Officio Parish Recorder for the Parish of Jefferson to cancel and erase from the records of his office the inscription of a purported City of Kenner tax deed. The petition names as defendants the aforesaid Clerk of Court and the Tax Collector for the City of Kenner and service thereof also was made on Zor, Inc., the tax purchaser named in the deed.
After trial there was judgment in favor of the petitioners, as prayed, making the alternative writ of mandamus peremptory and directing the Clerk to cancel and erase the tax deed inscription from the books and records of his office. Zor, Inc. has appealed from that judgment.
The facts are not in dispute. By virtue of purchases made by them in 1958 and subsequent years, the joint petitioners are the record owners of eight lots of ground in the eastern one-half portion of Square 277, Highway Park Subdivision, City of Kenner, Parish of Jefferson. This suit was filed on March 23, 1970. The tax deed in question was registered in the conveyance books of Jefferson Parish on August 13, 1956. In the usual printed form, it shows an adjudication of a portion of the east one-half of the aforesaid Square 277, Highway Park, to Zor, Inc. for delinquent City of Kenner 1953 taxes, the tax debtor being Lucille M. Hernandez, petitioners’ common ancestor in title. The deed bears the signatures of two named witnesses. However, it is not signed by the Kenner tax collector or her deputy; the line for that signature, under which is printed the words “Tax Collector”, is blank and bears no signature of any kind. The judgment appealed from is based on the absence of the tax collector’s signature.
Appellant’s sole contention in this court is that, as the deed in question was recorded in 1956, and as this suit was filed in 1970, 15 years later, the five year peremp-tive or prescriptive provision contained in Article 10, Section 11 of the Constitution of the State of Louisiana is applicable and cures the irregularity or defect resulting from the absence of the tax collector’s signature. We do not agree with the contention.
Inter alia, Article 10, Section 11 provides :
“No sale of property for taxes shall he set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is giv *363 en.” LSA-Const, Art. 10, § 11. (Emphasis ours).
Tax collectors for municipalities in Louisiana are given authority to execute and sign deeds of sale to purchasers of real estate sold for taxes, and to sell the taxed property, by Revised Statute 47:2183, which provides, inter alia:
“Each state tax collector and ex-offi-cio collector of state taxes, and the tax collectors of the municipal authorities of the various towns and city governments and political subdivisions throughout the state, shall execute and sign in person or by deputy, in the name of the state (or other taxing subdivision as the case may be) a deed of sale to purchasers of any real estate sold for taxes, * * *, and shall sell the property to the purchaser, * * * ” LSA-R.S. 47:2183. (Emphasis ours).
As shown by voluminous jurisprudence, unnecessary to .cite, the quoted Constitutional provision is applicable to such irregularities or defects as lack of notice, improper assessment, lack of advertisement, defective description provided the property can be identified, etc. But it has been held inapplicable, and cannot give validity to, a tax deed which is void for want of a description by which the property can be identified.[1]
In Louisiana title to immovable property cannot be transferred by parol; a deed or instrument in writing is necessary. And it appears axiomatic that the signature of a vendor, or his representative, on such a deed or instrument is sacramental. He is the only one who can transfer title to the property and without his signature there has been no such transfer. In the instant case, the City of Kenner Tax Collector, or her deputy, were the only persons with authority to transfer title. Without the signature of the tax collector or her deputy there has been no such transfer and the deed in question is utterly void of effect. The five year peremptive provision contained in the above quoted Article 10, Section 11 does not give validity to such a deed. That provision contemplates recordation of a tax deed which has been signed by a tax collector or his deputy as required by the above quoted portion of LSA-R.S. 47:2183.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Mouton v. Southern Saw Mill Go., 138 La. 813, 70 So. 813.