SCHOTT, Judge.
Plaintiff has appealed from a dismissal of her suit to annul three tax sales dated January 6, 1936, confirming adjudications held on November 30, 1935, of 5 lots in New Orleans assessed in the name of her father for 1932 city taxes. Defendants are the heirs of the purchaser of the lots from the adjudicatee, Samuel Zemurray.
The State Tax Collector sold the lots pursuant to Act 1 of the Third Extraordinary Session of 1935, which provided as follows:
“Paragraph 4.
That hereafter, in addition to collecting the taxes levied by the State of Louisi *901 ana, and by the Board of Levee Commissioners of Orleans Levee District, on movable and immovable property, as provided by existing laws, the State Tax Collector for the City of New Orleans shall collect all of the taxes levied by the City of New Orleans and by the Orleans Parish School Board on movable and immovable property, viz:
1. The tax, not- exceeding 6}/¿ mills, for general municipal purposes, authorized by Section 15 of Act No. 4 of 1916.
2. The 1% (10-mill) debt tax, authorized by Act No. 110 of 1890.
3. The 2-mill special tax for sewer, water and drainage purposes, authorized by Act No. 6 of the Extra Session of 1899.
4. The special tax, not exceeding 3 mills, for the maintenance of a double platoon system in the fire department and a triple platoon system in the police department and for an increase in pay of the officers and men in said departments respectively, authorized by Section 25 of Article XIV of the Constitution, as amended by Act No. 260 of 1928.
5. Any other tax levied by the City of New Orleans upon movable and immovable property under any provision of the Constitution of laws of the State of Louisiana.
6. The tax, not exceeding 7 mills, levied annually by Orleans Parish School Board, authorized by Section 16 of Article XII of the Constitution, as amended by Act No. 264 of 1926.”
The act further provides for certain procedures and limitations to be followed by the State Tax Collector in the collection of delinquent taxes levied by the City and the Orleans Parish School Board, and in the sales of immovable property for such delinquent taxes.
Plaintiff asserts that this act was unconstitutional because it violated various constitutional provisions which placed the responsibility for the collection of delinquent taxes on officials other than the State Tax Collector for the City of New Orleans and because the Constitution did not authorize the legislature to designate the State Tax Collector to collect city taxes. She further asserts that the State Tax Collector’s lack of authority to sign the tax deeds places her in much the same legal position as the plaintiff in State ex rel. Hinton v. Justice, 248 So.2d 361 (La.App. 4th Cir. 1971) in which this Court held that a tax deed was void because it was not signed by the tax collector or her deputy and that the five year peremptive provision contained in LSA-Const. Art. 10, § 11, did not give validity to such a deed.
In considering plaintiff’s argument we have examined the various constitutional provisions which authorized the levying of the taxes for which the sales were made.
LSA-Const. Art. 14, § 24, incorporated by reference the provisions of Art 4 of 1916 and Act 110 of 1890. Along with § 23, § 24 also implemented the provisions of Act 6 of 1899. Section 7 of Act 110 of 1890 provided that the City was to levy and collect the tax and in case of its failure to do so “the said Board of Liquidation shall itself, by proper resolution, have power to levy said tax, and to collect the same; and, in said levy and collection, to use any and all the machinery, rights, powers and authority established by the State for levy and collection of the State taxes ; ”. Act 6 of 1899 provided that the Board of Liquidation, City Debt, was to continue the functions set forth in Act 110 of 1890. Act 4 of 1916 implied that the authority of the Board of Liquidation as set forth in Act 110 of 1890 was maintained. Act 14, § 25 of the Constitution of 1921 authorized the City to levy a tax for maintenance of the fire and police departments of the City in addition to those taxes already being levied. Finally, Art. 12, § 16, provides for a School Board tax to be “collected in the manner and under the *902 conditions and with the interest and penalties prescribed by law for City taxes.”
The focal point of plaintiff’s argument is on Act 110 of 1890 which is a part of LSA-Const. 14, § 24, in that the Board of Liquidation, City Debt, is authorized to collect taxes if the city fails to do so. It is argued that the legislature could not in the face of that constitutional provision authorize the State Tax Collector for the City of New Orleans to perform this function which the Constitution says is to be done by the Board of Liquidation, City Debt, if not by the City.
Aside from the fact that the constitutional provisions relied upon by plaintiff do not expressly designate any particular official of the City to carry out procedures required to collect delinquent City taxes, these constitutional provisions must be read in pari materia with other constitutional provisions on the subject:
“ . . . The sheriff, except in the Parish of Orleans, shall be ex-officio collector of State, parish and all other taxes, except municipal taxes, which, however, under legislative authority, he may also collect.” Art. 7, § 65.
“The Legislature may provide that all local, municipal and district taxes, shall be assessed and extended on the parish assessment roll and collected by the tax collector of the parish.” Art. 10, § 6.
“All provisions of this Constitution regulating the collection of State taxes and tax sales shall apply to parish, district, municipal, board and ward taxes.” Art. 10, § 14.
“There shall be one State Tax Collector for the City of New Orleans who shall be elected for the term of four years and shall receive a salary of Six Thousand Dollars ($6,000.00) per annum, payable monthly, the fees received from delinquent tax debtors and for tax research certificates shall be paid in the State Treasury. The Legislature shall appropriate such sum, not more than Seventy Thousand Dollars ($70,000.00) per an-num, as may be necessary, for the payment of clerical and other expenses of said Office. Art. 14, § 21.
It is clear that Art. 10, § 6 authorized the legislature to provide that the tax collector for the Parish of Orleans was to collect municipal and district taxes such as those for which the lots in the instant case were sold. It is equally clear that the tax collector of the Parish of Orleans was the State Tax Collector of the City of New Orleans.
While Art. 14, § 21, which established his office, did not outline his duties, when this is read in connection with Art. 7, § 65, it follows that he was to perform those duties which in all the other parishes were performed by the sheriff with respect to the collection of taxes. Thus, these provisions authorized the legislature to pass Act 1 of the Third Extraordinary Session of 1935.
Having concluded that the contested Act was not unconstitutional and that the validity of the tax sales cannot be questioned on this ground we pass to plaintiff’s other contention, which is that the tax sales were invalid because there was no proof that notices of delinquency were sent to the tax debtor as required by law and that the proces verbal was processed as required by law. An attack on these grounds is barred by the five-year peremption of Art. 10, § 11, of the Constitution. See Choate v. O’Brien, 163 So.2d 157 (La.App. 4th Cir. 1964) writ refused 246 La. 578, 165 So.2d 480, and the cases cited therein.
Accordingly, the judgment appealed from is affirmed.
Affirmed.